IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| LOCAL INSIGHT MEDIA HOLDINGS, INC., et al.,[1] | ) Case No. 10-13677 ( ) |
| Debtors. | ) Joint Administration Requested |

## MOTION OF LOCAL INSIGHT MEDIA HOLDINGS, INC., ET AL. FOR THE ENTRY OF AN ORDER TO FILE UNDER SEAL PROPOSED DEBTOR-IN-POSSESSION FEE LETTERS

Local Insight Media Holdings, Inc. and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, "Local Insight" or the "Debtors") file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to file under seal certain fee letters (the "Fee Letters"), one by and among certain of the Debtors and JPMorgan Chase Bank, N.A., as administrative agent, and J.P. Morgan Securities LLC (together with JPMorgan Chase Bank, N.A., "JPMorgan"), as sole arranger, and the other by and among certain of the Debtors, JPMorgan and GSO Capital Partners LP (together with JPMorgan, the "Lenders"), related to the proposed debtor in possession financing facility (the "DIP").[2] In support of this Motion, the

---

[1] The Debtors, together with the last four digits of each of the Debtors' federal tax identification number (if applicable), are: Local Insight Media Holdings, Inc. (2696); Local Insight Media Holdings II, Inc. (8133); Local Insight Media Holdings III, Inc. (8134); LIM Finance Holdings, Inc. (8135); LIM Finance, Inc. (8136); LIM Finance II, Inc. (5380); Local Insight Regatta Holdings, Inc. (6735); The Berry Company LLC (7899); Local Insight Listing Management, Inc. (7524); Regatta Investor Holdings, Inc. (8137); Regatta Investor Holdings II, Inc. (8138); Regatta Investor LLC; Regatta Split-off I LLC; Regatta Split-off II LLC; Regatta Split-off III LLC; Regatta Holding I, L.P.; Regatta Holding II, L.P.; and Regatta Holding III, L.P. For the purpose of these chapter 11 cases, the service address for all Debtors is: 188 Inverness Drive West, Suite 800, Englewood, CO 80112.

[2] The Debtors are seeking authority to enter into the DIP pursuant to that certain *Motion of Local Insight Media Holdings, Inc., et al. for the Entry of Interim and Final Orders Pursuant to Sections 105, 361, 362, 363 And 364 of the Bankruptcy Code and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (A) Authorizing the Debtors to Obtain Secured Postpetition Financing on Super-Priority Priming Lien Basis,*

Debtors respectfully state as follows:[3]

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 9013-1(m) and 9018-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Relief Requested

4. By this Motion, the Debtors seek entry of an order pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018 authorizing the Debtors to file the Fee Letters under seal; provided however, copies of the Fee Letters will be made available on a confidential basis to (a) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") and (b) counsel and financial advisors to any statutory committee appointed in these cases.

## Background

5. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and

---

*Granting Adequate Protection for Priming and Modifying the Automatic Stay, (B) Authorizing the Debtors to Use Cash Collateral of Prepetition Secured Lenders and Granting Adequate Protection for the Use Thereof, and (C) Prescribing the Form and Manner of Notice and Setting Time for the Final Hearing*, filed on the date hereof (the "Petition Date").

[3] The facts and circumstances supporting this Motion are set forth in the *Declaration of Richard C. Jenkins, the Debtors' Interim Chief Financial Officer, in Support of First Day Motions* (the "First Day Declaration"), filed on the Petition Date.

2

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently herewith, the Debtors filed a motion seeking joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).

6. As set forth in the First Day Declaration, the Debtors, along with their non-Debtor affiliates and subsidiaries (collectively, the "Company"), are the fifth-largest Yellow Pages directory publisher in the United States and serve as a leading provider of local search advertising products and services. The Debtors' headquarters are located in Englewood, Colorado. The Debtors currently employ approximately 729 employees throughout the United States.

7. The Company operates three different business units, each of which is owned, indirectly, by Debtor Local Insight Media Holdings, Inc. The "Regatta" business unit, which consists entirely of Debtor entities, sells advertising and coordinates publication and distribution of approximately 870 different print directories and for approximately 30 Internet Yellow Pages directories. The Debtors' second business unit includes several Debtor holding companies that own, directly or indirectly, non-Debtor Local Insight Media, Inc. ("LIMI"), which employs most of the Company's senior management and provides management services to Regatta under an intercompany management agreement. LIMI is also the indirect parent company of several non-Debtor entities that own directory publishing rights in Alaska, Cincinnati and Hawaii; these entities outsource the sale of advertising, production and distribution of their directories to Regatta. The Debtors' third business unit, "Caribe," is composed entirely of non-Debtor entities that own publication rights for certain print and internet directories in the Dominican Republic and Puerto Rico and provide essential back-office support and services to Regatta.

## Basis for Relief

8.      A bankruptcy court may, upon request, "protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b). Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under section 107(b) of the Bankruptcy Code. It provides, in part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

9.      Commercial information is information that would result in "an unfair advantage to competitors by providing them information as to the commercial operations of the debtor." See e.g., In re Alterra Healthcare Corp., 353 B.R. 66, 75 (Bankr. D. Del. 2006) (citing Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994)). Commercial information, however, need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. Orion Pictures, 21 F.3d at 28 (holding that a license agreement authorizing a licensee to "reproduce, manufacture, distribute, and sell videocassettes of three films" contained confidential commercial information); In re Barney's, Inc., 201 B.R. 703, 708-09 (Bankr. S.D.N.Y. 1996) (concluding that for a retailer, confidential commercial "information might include, without limitation, pricing formulae, short and long term marketing strategies and the terms of agreements with suppliers).

10.     Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." See e.g., Orion Pictures, 21 F.3d at 28; Phar Mor, Inc. v. Defendants

4

Named Under Seal (In re Phar Mor, Inc.), 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995). Rather, once the bankruptcy court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." Orion Pictures, 21 F.3d at 27.

11. The Debtors have agreed with the Lenders not to publicly disclose the Fee Letters. The terms set forth in the Fee Letters include confidential pricing terms and other sensitive information governing the Debtors' relationship with the Lenders that could be damaging to the Lenders if they were disclosed to their competitors. The Fee Letters, thus, fall within the scope of commercial information that may be protected pursuant to section 107(b)(1) of the Bankruptcy Code. In addition, for the above-stated reasons, good cause exists to allow the Debtors to file the Fee Letters under seal pursuant to Bankruptcy Rule 9018. Finally, the Debtors believe that the proposed format for disclosure of information, to the Court, the U.S. Trustee and counsel and financial advisors to any statutory committee appointed in these cases, is carefully tailored to provide appropriate levels of information while still maintaining the confidentiality of commercially sensitive information where truly necessary.

12. Courts in this jurisdiction have authorized the filing of confidential financing documents under seal in similar chapter 11 cases. See, e.g., In re Champion Enterprises, No. 09-14019 (KG) (Bankr. D. Del. Nov. 17, 2009); In re Pliant Corp., No. 09-10443 (MFW) (Bankr. D. Del. June 11, 2009); In re Tribune, No. 08-13141 (KJC) (Bankr. D. Del. Dec. 10, 2008); In re WCI Communities, Inc., No. 08-11643 (KJC) (Bankr. D. Del. Sept. 23, 2008); In re Portola Packaging, Inc., No. 08-12001 (CSS) (Bankr. D. Del. Sept. 22, 2008); In re Federal-Mogul Global Inc., No. 01- 10578 (JKF) (Bankr. D. Del. Oct. 30, 2006).

## Notice

13. Notice of the first day hearing on this Motion has been provided to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims; (c) the agent for the proposed postpetition financing agreement; (d) the administrative agent for Local Insight Regatta Holdings, Inc.'s prepetition senior credit facility; (e) the indenture trustee for Local Insight Regatta Holdings, Inc.'s 11% Senior Subordinated Notes due 2017; (f) the *ad hoc* committee of noteholders of Local Insight Regatta Holdings, Inc.'s 11% Senior Subordinated Notes due 2017; (g) Welsh, Carson, Anderson & Stowe; (h) the Banks; (i) the Internal Revenue Service; (j) the Securities and Exchange Commission; and (k) the Office of the United States Attorney General for the State of Delaware. Following the first day hearing in these cases, the Motion and, any order entered on the Motion, will be given to: (a) the foregoing parties; (b) those persons who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure; and (c) any other persons as required by Del. Bankr. LR 9013-1(m). The Debtors submit that, in light of the relief requested, no other or further notice need be provided.

## No Prior Request

14. No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of This Page is Intentionally Left Blank]*

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems appropriate.

Dated: November 17, 2010
      Wilmington, Delaware

Laura Davis Jones (Bar No. 2436)
Michael R. Seidl (Bar No. 3889)
Curtis A. Hehn (Bar No. 4264)
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
Wilmington, Delaware 19899-8705 (courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

- and -

Richard M. Cieri (*pro hac vice* pending)
Christopher J. Marcus (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

- and -

Ross M. Kwasteniet (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654-3406
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Proposed Attorneys for the
Debtors and Debtors in Possession