IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LOCAL INSIGHT MEDIA HOLDINGS, INC., et al.,[1] | ) | Case No. 10-13677 (KG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

Objection Deadline: December 13, 2010, at 4:00 p.m. (prevailing Eastern time)
Hearing Date: December 20, 2010, at 2:30 p.m. (prevailing Eastern time)

## APPLICATION OF LOCAL INSIGHT MEDIA HOLDINGS, INC. ET AL. FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KIRKLAND & ELLIS LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE

Local Insight Media Holdings, Inc. and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, "Local Insight" or the "Debtors"), file this application (this "Application") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, (a) authorizing the Debtors to retain and employ Kirkland & Ellis LLP ("K&E") as their attorneys in connection with their chapter 11 cases *nunc pro tunc* to the Petition Date (as defined herein) and (b) granting such other relief as is just and proper. In support of this Application, the Debtors submit the Declaration of Richard M. Cieri, a partner at K&E (the "Cieri Declaration"), which is attached hereto as **Exhibit B** and incorporated

---

[1] The Debtors, together with the last four digits of each of the Debtors' federal tax identification number (if applicable), are: Local Insight Media Holdings, Inc. (2696); Local Insight Media Holdings II, Inc. (8133); Local Insight Media Holdings III, Inc. (8134); LIM Finance Holdings, Inc. (8135); LIM Finance, Inc. (8136); LIM Finance II, Inc. (5380); Local Insight Regatta Holdings, Inc. (6735); The Berry Company LLC (7899); Local Insight Listing Management, Inc. (7524); Regatta Investor Holdings, Inc. (8137); Regatta Investor Holdings II, Inc. (8138); Regatta Investor LLC; Regatta Split-off I LLC; Regatta Split-off II LLC; Regatta Split-off III LLC; Regatta Holding I, L.P.; Regatta Holding II, L.P.; and Regatta Holding III, L.P. For the purpose of these chapter 11 cases, the service address for all Debtors is: 188 Inverness Drive West, Suite 800, Englewood, CO 80112.

by reference herein. In further support of this Application, the Debtors respectfully state as follows:

## Jurisdiction

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1, 2016-1, and 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules").

## Relief Requested

4. By this Application, the Debtors seek entry of an order (a) authorizing the Debtors to retain and employ K&E as their attorneys in connection with their chapter 11 cases *nunc pro tunc* to November 17, 2010 (the "Petition Date") in accordance with the terms and conditions set forth in that certain engagement letter by and among the Debtors and K&E, dated as of November 12, 2010 (the "Engagement Letter"), a copy of which is attached as **Schedule 1** to the proposed order attached hereto as **Exhibit A**, and (b) granting such other relief as is just and proper.

## Background

5. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

2

Bankruptcy Code. The chapter 11 cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). On December 1, 2010, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

6. The Debtors, along with their non-Debtor affiliates and subsidiaries (collectively, the "Company"), are the fifth-largest Yellow Pages directory publisher in the United States and serve as a leading provider of local search advertising products and services. The Debtors' headquarters are located in Englewood, Colorado. The Debtors currently employ approximately 729 employees throughout the United States.

7. The Company operates three different business units, each of which is owned, indirectly, by Debtor Local Insight Media Holdings, Inc. The "Regatta" business unit, which consists entirely of Debtor entities, sells advertising and coordinates publication and distribution of approximately 870 different print directories and approximately 30 Internet Yellow Pages directories. The Debtors' second business unit includes several Debtor holding companies that own, directly or indirectly, non-Debtor Local Insight Media, Inc. ("LIMI"), which employs most of the Company's senior management and provides management services to Regatta under an intercompany management agreement. LIMI is also the indirect parent company of several non-Debtor entities that own directory publishing rights in Alaska, Cincinnati, and Hawaii; these entities outsource the sale of advertising, production, and distribution of their directories to Regatta. The Debtors' third business unit, "Caribe," is composed entirely of non-Debtor entities that own publication rights for certain print and internet directories in the Dominican Republic and Puerto Rico and provide essential back-office support and services to Regatta.

I. **K&E's Qualifications**

8. The Debtors seek to retain K&E because of K&E's recognized expertise and extensive experience and knowledge in the field of corporate restructuring, creditors' rights, and business reorganizations under chapter 11 of the Bankruptcy Code.

9. K&E has been actively involved in major chapter 11 cases and has represented debtors in many cases, including: In re FGIC Corporation, No. 10-14215 (SMB) (Bankr. S.D.N.Y. Aug. 25, 2010); In re USA Innkeepers Trust, No. 10-13800 (SCC) (Bankr. S.D.N.Y. Aug. 12, 2010); In re N. Am. Petroleum Corp., No. 10-11707 (CSS) (Bankr. D. Del. June 21, 2010); In re S. Bay Expressway, L.P, No. 10-04516 (LDA) (Bankr. S. D. Cal. June 11, 2010); In re Neff Corp., No. 10-12610 (SCC) (Bankr. S.D.N.Y. June 9, 2010); In re U.S Concrete, Inc., No. 10-11407 (PJW) (Bankr. D. Del. May 21, 2010); In re Bear Island Paper Co., L.L.C., No. 10-31202 (DOT) (Bankr. E.D. Va. Mar. 25, 2010); In re Atrium Corp., No. 10-10150 (BLS) (Bankr. D. Del. Feb. 25, 2010); In re Citadel Broad. Corp., No. 09-17442 (BRL) (Bankr. S.D.N.Y. Feb. 3, 2010); In re The Majestic Star Casino, LLC, No. 09-14136 (KG) (Bankr. D. Del. Dec. 17, 2009); In re Stallion Oilfield Servs. Ltd., No. 09-13562 (BLS) (Bankr. D. Del. Nov. 16, 2009); In re The Readers Digest Assoc., Inc., No. 09-23529 (RDD) (Bankr. S.D.N.Y. Sept. 17, 2009); In re Lear Corp., No. 09-14326 (ALG) (Bankr. S.D.N.Y. July 31, 2009); In re UTGR, Inc. d/b/a/ Twin River, No. 09-12418 (ANV) (Bankr. D.R.I. July 30, 2009); In re ION Media Networks, Inc., No. 09-13125 (JMP) (Bankr. S.D.N.Y. June 23, 2009); In re Visteon Corp., No. 09-11786 (CSS) (Bankr. D. Del. June 19, 2009); In re DBSD N. Am., Inc., No. 09-13061 (REG) (Bankr. S.D.N.Y. June 9, 2009); In re General Growth Props., Inc., No. 09-11977 (ALG) (Bankr. S.D.N.Y. May 26, 2009); In re Source Interlink Cos., Inc., No. 09-11424 (KG) (Bankr. D. Del. May 19, 2009); In re Chemtura Corp., No. 09-11233 (REG) (Bankr. S.D.N.Y. April 29, 2009); In re Sun-Times Media Group, Inc., No. 09-11092 (CSS) (Bankr. D. Del. Apr.

4

29, 2009); In re Masonite Corp., No. 09-10844 (PJW) (Bankr. D. Del. Apr. 15, 2009); In re Charter Commc'ns, Inc., No. 09-11435 (JMP) (Bankr. S.D.N.Y. Apr. 15, 2009); In re Muzak Holdings LLC, No. 09-10422 (KJC) (Bankr. D. Del. Mar. 16, 2009); In re Tronox Inc., No. 09-10156 (ALG) (Bankr. S.D.N.Y. Feb. 6, 2009); In re Flying J, Inc., No. 08-13384 (MFW) (Bankr. D. Del. Jan. 15, 2009); In re Portola Packaging, Inc., No. 08-12001 (CSS) (Bankr. D. Del. Sept. 19, 2008); In re Hines Horticulture, Inc., No. 08-11922 (KJC) (Bankr. D. Del. Sept. 10, 2008); In re Pierre Foods Inc., No. 08-11480 (KG) (Bankr. D. Del. Aug. 13, 2008); In re ACG Holdings, Inc., No. 08-11467 (CSS) (Bankr. D. Del. Aug. 12, 2008); In re Tropicana Entm't, LLC, No. 08-10856 (KJC) (Bankr. D. Del. May 30, 2008); In re Kimball Hill, Inc., No. 08-10095 (SPS) (Bankr. N.D. Ill. May 13, 2008); and In re Wellman, Inc., No. 08-10595 (SMB) (Bankr. S.D.N.Y. Mar. 18, 2008).

10. K&E is familiar with the Debtors' businesses and many of the potential legal issues that may arise in the context of the chapter 11 cases. The Debtors believe that K&E is both well qualified and uniquely able to represent them in the chapter 11 cases in an efficient and timely manner.

## II. Services To Be Provided

11. Subject to further order of the Court, and consistent with the Engagement Letter, the Debtors request the retention and employment of K&E to render the following legal services:

    a.    advise the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of the Debtors' business and properties;

    b.    advise the Debtors on the conduct of the chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

    c.    attend meetings and negotiate with the representatives of creditors and other parties in interest;

d. take all necessary actions to protect and preserve the Debtors' estates, including prosecute actions on the Debtors' behalf, defend any action commenced against the Debtors, and represent the Debtors' interests in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

e. prepare pleadings in connection with the chapter 11 cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

f. represent the Debtors in connection with obtaining post-petition financing and authority to continue using cash collateral;

g. advise the Debtors in connection with any potential sale of assets;

h. appear before the Court and any appellate courts to represent the interests of the Debtors' estates before those courts;

i. assist the Debtors in obtaining approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

j. perform all other necessary legal services for the Debtors in connection with the prosecution of the chapter 11 cases, including: (i) analyzing the Debtors' leases and contracts and the assumptions, rejections or assignments thereof; (ii) analyzing the validity of liens against the Debtors; and (iii) advising the Debtors on tax, corporate, securities, and litigation matters.

## III. Professional Compensation

12. K&E intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the chapter 11 cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the guidelines established by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), and any other applicable procedures and orders of the Court. The hourly rates and corresponding rate structure that K&E will use in the chapter 11 cases are equivalent to the hourly rates and corresponding rate structure that K&E predominantly uses for other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise,

52928-001\DOCS_DE:165875.1

regardless of whether a fee application is required. These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

13. K&E operates in a dynamic, national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors. Because the sub-markets for legal services are fragmented and are affected by a variety of individualized and interdependent factors, K&E has no one rate for an individual biller that applies to all matters for all clients. K&E's rates for an individual biller may vary as a function of the type of matter, geographic factors, the nature of certain long-term client relationships, and various other factors, including those stated above.

14. K&E's hourly rates are set at a level designed to fairly compensate K&E for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere. In particular, K&E's current hourly rates for matters related to the chapter 11 cases generally range as follows:[2]

| Billing Category | Range |
|---|---|
| Partners | $580-$995 |
| Of Counsel | $420-$995 |
| Associates | $340-$670 |
| Paraprofessionals | $130-$285 |

---

[2] For professionals and paraprofessionals residing outside of the U.S., hourly rates are billed in the applicable currency. When billing a U.S. entity, such foreign rates are converted into U.S. dollars at the then applicable conversion rate. After converting these foreign rates into U.S. dollars, it is possible that certain rates may exceed the billing ranges listed in the chart below. The billing rates of certain K&E attorneys and paraprofessionals are expected to increase on January 1, 2011. The hourly rates for matters related to chapter 11 cases as of January 1, 2011 will generally range as follows: Partners $590-$995; Of Counsel $450-$995; Associates $360-$715; Paraprofessionals $145-$305.

7

15. The Debtors expect the following professionals to have primary responsibility for providing services to the Debtors: Richard M. Cieri ($995); Christopher J. Marcus ($765); and Ross M. Kwasteniet ($680). In addition, as necessary, other K&E professionals and paraprofessionals will provide services to the Debtors.[3]

16. It is K&E's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for the representation of that particular client. It is also K&E's policy to charge its clients only the amount actually incurred by K&E in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging.

17. To ensure the compliance with all applicable deadlines in the chapter 11 cases, from time to time, K&E utilizes the services of overtime secretaries. K&E charges fees for these services pursuant to the Engagement Letter, which permits K&E to bill the Debtors for overtime secretarial charges that arise out of business necessity. In addition, K&E professionals also may charge their overtime meals and overtime transportation to the Debtors consistent with prepetition practices.

18. K&E currently charges $0.15 per page for standard duplication in its offices in the United States. Notwithstanding the foregoing and consistent with the Local Rules, K&E will charge no more than $0.10 per page for standard duplication services in the chapter 11 cases.

---

[3] Although K&E does not anticipate using contract attorneys during the chapter 11 cases, in the unlikely event that such employment becomes necessary, K&E will not charge a markup to the Debtors with respect to fees billed by contract attorneys. Moreover, any contract attorneys or non-attorneys who are employed by the Debtors in connection with work performed by K&E will be subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code.

52928-001\DOCS_DE:165875.1

K&E does not charge its clients for facsimile transmissions. K&E has negotiated a discounted rate for Westlaw computer-assisted legal research. Computer-assisted legal research is used whenever the researcher determines that using Westlaw is more cost effective than using traditional techniques (*i.e.*, non-computer-assisted legal research).

## IV. Compensation Received by K&E from the Debtors

19. On September 30, 2010, the Debtors paid $200,000 to K&E as a classic retainer. Subsequently, on October 28, 2010, the Debtors increased K&E's classic retainer by an additional $300,000. Subsequently, on November 17, 2010, the Debtors increased K&E's classic retainer by an additional $50,000. As of the Petition Date, K&E's classic retainer balance was approximately $550,000. Pursuant to the Engagement Letter, the classic retainer is property of K&E and is not held in a separate account.

20. These foregoing retainer payments constitute "classic retainer" payments as defined in In re Prod. Assocs., Ltd., 264 B.R. 180, 184-85 (Bankr. N.D. Ill. 2001), and In re McDonald Bros. Contrs., Inc., 114 B.R. 989, 997-99 (Bankr. N.D. Ill 1990). As such, K&E earned the classic retainers upon receipt, and, consequently, K&E placed the amounts into its general cash account. The amounts K&E has invoiced the Debtors against the classic retainer for professional services and for the reimbursement of reasonable and necessary expenses incurred in connection therewith are set forth in the Cieri Declaration.

21. As further set forth in the Cieri Declaration, K&E has acted as general corporate counsel to the Company since approximately 2006. On September 29, 2010, prior to the Debtors' initial payment of a retainer on September 30, 2010, Debtor The Berry Company LLC paid K&E $367,184.39 on account of prior invoices. Further, on November 5, 2010, The Berry Company LLC paid $16,138.83 to K&E on account of a prior invoice (together with the prior invoices paid on September 29, 2010, the "Prior Invoices"). Out of an abundance of caution, and

9

as further set forth in the Cieri Declaration, K&E returned these funds to The Berry Company LLC through two separate wire transfers; on November 4, 2010, K&E wired $367,184.39 to The Berry Company LLC and on November 9, 2010, K&E wired $16,138.83 to The Berry Company LLC. A non-Debtor affiliate of the Debtors, LIMI, subsequently paid K&E $367,184.39 on account of the Prior Invoices.

22. Moreover, pursuant to Bankruptcy Rule 2016(b), K&E has not shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with K&E or (b) any compensation another person or party has received or may receive. As of the Petition Date, the Debtors do not owe K&E any amounts for legal services rendered before the Petition Date. Although certain expenses and fees may have been incurred, but not yet applied to K&E's classic retainer, such amounts will be applied against K&E's classic retainer and will be less than the balance of K&E's classic retainer as of the Petition Date.

## V. K&E's Disinterestedness

23. To the best of the Debtors' knowledge, and as disclosed herein and in the Cieri Declaration, (a) K&E is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estates and (b) K&E has no connection to the Debtors, their creditors, or related parties except as may be disclosed in the Cieri Declaration.

24. K&E will periodically review its files during the pendency of the chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, K&E will use reasonable efforts to identify such further developments and will file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## Basis for Relief

25. The Debtors seek retention of K&E as their attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

26. Rule 2014(a) of the Bankruptcy Rules requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

Fed. R. Bankr. P. 2014.

27. The Debtors submit that for all the reasons stated above and in the Cieri Declaration, the retention of K&E as counsel to the Debtors is warranted. Further, as stated in the Cieri Declaration, K&E is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or their related parties except as may be disclosed in the Cieri Declaration.

52928-001\DOCS_DE:165875.1

## Notice

28. The Debtors have provided notice of this Application to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the administrative agent for Local Insight Regatta Holdings, Inc.'s prepetition and postpetition senior credit facilities; (d) the indenture trustee for Local Insight Regatta Holdings, Inc.'s 11% Senior Subordinated Notes due 2017; (e) counsel to Welsh, Carson, Anderson & Stowe; (f) the Office of the Attorney General for the State of Delaware; (g) the Internal Revenue Service; (h) the Securities and Exchange Commission; and (i) those parties who have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## No Prior Request

29. No prior request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, for the reasons set forth herein and in the Cieri Declaration, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

Dated: December 3, 2010

_____
Richard C. Jenkins
Debtors' Interim Chief Financial Officer