IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LOCAL INSIGHT MEDIA HOLDINGS, INC., et al.,[1] | ) Case No. 10-13677 (KG) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) **Related to Docket Nos. 8 and 53** |

## FINAL ORDER DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES

Upon the motion, dated November 17, 2010 (the "<u>Motion</u>"), of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>") for entry of a final order (the "<u>Final Order</u>") determining adequate assurance of payment for future utility services; and upon the First Day Declaration;[2] and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need

---

[1] The Debtors, together with the last four digits of each of the Debtors' federal tax identification number (if applicable), are: Local Insight Media Holdings, Inc. (2696); Local Insight Media Holdings II, Inc. (8133); Local Insight Media Holdings III, Inc. (8134); LIM Finance Holdings, Inc. (8135); LIM Finance, Inc. (8136); LIM Finance II, Inc. (5380); Local Insight Regatta Holdings, Inc. (6735); The Berry Company LLC (7899); Local Insight Listing Management, Inc. (7524); Regatta Investor Holdings, Inc. (8137); Regatta Investor Holdings II, Inc. (8138); Regatta Investor LLC; Regatta Split-off I LLC; Regatta Split-off II LLC; Regatta Split-off III LLC; Regatta Holding I, L.P.; Regatta Holding II, L.P.; and Regatta Holding III, L.P. For the purpose of these chapter 11 cases, the service address for all Debtors is: 188 Inverness Drive West, Suite 800, Englewood, CO 80112.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

1

be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein on a final basis.

2. The relief provided in the Interim Order is approved on a final basis.

3. The Debtors shall serve a copy of this Final Order on each Utility Provider listed on the Utility Service List no later than three business days after the date this Final Order is entered.

4. The Proposed Adequate Assurance is hereby approved on a final basis and is deemed adequate assurance of payment as the term is used in section 366 of the Bankruptcy Code.

5. As adequate assurance of payment for future utility services to the Utility Providers, the Debtors deposited $135,000 (the "Adequate Assurance Deposit") into a newly created, segregated, interest-bearing account (the "Adequate Assurance Deposit Account") for the benefit of the Utility Providers on or prior to 25 days after the Petition Date.

6. Absent compliance with the Adequate Assurance Procedures, the Debtors' utilities (as the term is used in section 366 of title 11 of the United States Code (the "Bankruptcy Code"), collectively, the "Utility Providers") are prohibited from altering, refusing or discontinuing service on account of any unpaid prepetition charges and are deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code.

7.   For those Utility Providers that are added to the Utility Service List after the entry of the Interim Order, the Debtors will serve a copy of the Motion, this Final Order, Adequate Assurance Procedures, the Utility Service List and the Final Hearing Notice on such subsequently added Utility Provider.

8.   Such subsequently added entity shall then file any requests for additional assurances of payment in the form of deposits, prepayments or otherwise (an "Additional Assurance Request") in accordance with the procedures set forth on **Exhibit 1** attached to the Interim Order (the "Adequate Assurance Procedures") upon the following parties:  (a) Local Insight Media Holdings, Inc., 188 Inverness Drive West, Suite 800, Englewood, Colorado 80112, Attn.: John Fischer; (b) Kirkland & Ellis LLP, proposed counsel to the Debtors, 601 Lexington Avenue, New York, New York 10022, Attn.: Richard Goldman; and (c) Pachulski Stang Ziehl & Jones LLP, proposed counsel to the Debtors, 919 North Market Street, 17th Floor, Wilmington, Delaware 19899-8705, Attn.: Laura Davis Jones (collectively, the "Notice Parties") (collectively, the "Notice Parties").

9.   The Debtors may, in their discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their sole discretion, provide a Utility Provider with additional adequate assurance of future payment, including, but not limited to, cash deposits, prepayments or other forms of security.

10.  The Adequate Assurance Deposit attributable for each Utility Provider shall be returned to the Debtors on the earlier of (a) the Debtors' termination of services from such provider and (b) the conclusion of the chapter 11 cases, if not applied earlier.

52928-001\DOCS_DE:165478.2

11.  Any Utility Provider who fails to file an objection to the Proposed Adequate Assurance in accordance with the procedures set forth on **Exhibit 1** attached to the Interim Order is deemed to consent to the Adequate Assurance Procedures and shall be bound by this Final Order.

12.  A Utility Provider shall be deemed to have adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code unless and until (a) the Debtors, in their sole discretion, agree to an alternative assurance of payment with the Utility Provider or (b) the Court enters an order requiring that additional adequate assurance of payment be provided.

13.  The Debtors are authorized, in their sole discretion, to amend the utility service list attached as **Exhibit C** to the Motion (the "Utility Service List") to add or delete any Utility Provider, and the Final Order shall apply to any Utility Provider that is subsequently added to the Utility Service List.

14.  Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in this Final Order shall constitute, nor its intended to constitute, an admission as to the validity or priority of any claim against the Debtors or the assumption or adoption of any agreement, contract or lease under section 365 of the Bankruptcy Code.

15.  The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the Motion.

Dated: DEC. 10, 2010
Wilmington, Delaware

The Honorable Kevin Gross
United States Bankruptcy Judge

52928-001\DOCS_DE:165478.2