# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LOCAL INSIGHT MEDIA HOLDINGS, INC., et al.,[1] | ) Case No. 10-13677 (KG) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## RESERVATION OF RIGHTS OF LOCAL INSIGHT MEDIA HOLDINGS, INC., ET AL. TO, AMONG OTHER THINGS, ENFORCE THE AUTOMATIC STAY AND TO SEEK DAMAGES AGAINST YVONNE LOMAX

Local Insight Media Holdings, Inc. and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), file this reservation of rights to preserve the Debtors' rights to (a) enforce the automatic stay and seek damages, including the possibility of sanctions, against Ms. Yvonne Lomax ("Lomax") for willful violation of the automatic stay pursuant to section 362(k) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and (b) seek the removal to this Court of Lomax v. The Berry Company, Case No. 2010 CV 07568 (the "Original Litigation"), filed on September 22, 2010 in the Common Pleas Court of Montgomery County, Ohio (the "Ohio Court"), if reactivated, and Lomax v. The Berry Company, Case No. 2010 CV 09334 (the "New Litigation"), filed on December 1, 2010 in the Ohio Court, pursuant to section 1452 of title 28 of

---

[1] The Debtors, together with the last four digits of each of the Debtors' federal tax identification number (if applicable), are: Local Insight Media Holdings, Inc. (2696); Local Insight Media Holdings II, Inc. (8133); Local Insight Media Holdings III, Inc. (8134); LIM Finance Holdings, Inc. (8135); LIM Finance, Inc. (8136); LIM Finance II, Inc. (5380); Local Insight Regatta Holdings, Inc. (6735); The Berry Company LLC (7899); Local Insight Listing Management, Inc. (7524); Regatta Investor Holdings, Inc. (8137); Regatta Investor Holdings II, Inc. (8138); Regatta Investor LLC; Regatta Split-off I LLC; Regatta Split-off II LLC; Regatta Split-off III LLC; Regatta Holding I, L.P.; Regatta Holding II, L.P.; and Regatta Holding III, L.P. For the purpose of these chapter 11 cases, the service address for all Debtors is: 188 Inverness Drive West, Suite 800, Englewood, CO 80112.

the United States Code (the "Judiciary and Judicial Procedures").

## Preliminary Statement

1. In September of 2010, Lomax filed the Original Litigation asserting claims for damages based on alleged unlawful employment practices at The Berry Company LLC ("Berry"). On November 17, 2010 (the "Petition Date"), Berry, along with certain affiliates and its subsidiary, filed petitions for bankruptcy pursuant to the Bankruptcy Code. The Original Litigation, as well as any other litigation against the Debtors pending prepetition, was stayed as of the Petition Date pursuant to section 362(a)(1) of the Bankruptcy Code. Any new litigation against the Debtors based on claims arising prepetition is also stayed. Accordingly, on November 29, 2010, counsel for Berry filed a notice in the Original Litigation to inform the Ohio Court of the Debtors' bankruptcy cases. The Ohio Court promptly dismissed the Original Litigation on November 30, 2010, but advised Lomax that she was free to file a motion to reactivate the case for good cause shown.

2. In clear and willful violation of the automatic stay (and seemingly in violation of the Ohio Court's dismissal order), on December 1, 2010, Lomax filed the New Litigation asserting the same claims as asserted in the Original Litigation. Shortly thereafter, Debtors' counsel attempted to contact Lomax's counsel by telephone, email, and fax to explain that filing the New Litigation constituted a violation of Bankruptcy Code section 362 and request that the New Litigation be withdrawn. To date, Lomax has made no effort to dismiss the New Litigation and has provided no indication of intent to do so. On December 9, 2010, counsel for Berry filed a motion in the Ohio Court to dismiss the New Litigation and impose sanctions on Lomax for frivolously filing the New Litigation despite knowledge of the Debtors' bankruptcy. Notwithstanding the motion to dismiss and impose sanctions in the Ohio Court, the Debtors seek

to reserve their rights in this Court to take remedial actions, including for restitution and to prevent Lomax's continued violation of the automatic stay.

## Background

3. On the Petition Date, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The chapter 11 cases are being jointly administered pursuant to rule 1015(b) of the Federal Rules of Bankruptcy Procedure. On December 1, 2010, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

## Reservation of Rights

4. A bankruptcy petition "operates as a stay ... of the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case ... or to recover a claim against the debtor that arose before the commencement of the [bankruptcy] case." 11 U.S.C. § 362(a)(1). The "automatic stay" is triggered under the Bankruptcy Code automatically upon the commencement of the bankruptcy case without any further court order. Any action taken in violation of the stay is void and without effect, even if the party taking such action had no knowledge of the bankruptcy filing. See e.g., Constitution Bank v. Tubbs, 68 F.3d 685, 691 (3d Cir. 1995).

5. Moreover, willful violations of the stay may warrant contempt of court proceedings, see Dubin v. Jakobowski (In re Grosse), 84 B.R. 377 (Bankr. E.D. Pa. 1988) (knowing violation of automatic stay gives rise to remedy of contempt), and damages, including

3

attorneys' fees, court costs, and punitive damages, pursuant to section 362(k) of the Bankruptcy Code. 11 U.S.C. § 362(k); Pardo v. Pacificare of Texas, Inc. (In re APF Co.), 264 B.R. 344 (Bankr. D. Del. 2001); see also, e.g., Cuffee v. Atlantic Bus. & Cmty. Dev. Corp., 901 F.2d 325, 329 (3d Cir.1990); Budget Serv. Co. v. Better Homes of Va., 804 F.2d 289 (4th Cir. 1986); Carter v. Buskirk (In re Carter), 691 F.2d 390 (8th Cir. 1982); Fidelity Mortgage Investors v. Camelia Builders, Inc., 550 F.2d 47 (2d Cir. 1976), cert. denied, 429 U.S. 1093 (1977).

6. Lomax's filing of the New Litigation in reaction to the dismissal of the Original Litigation because of the commencement of these cases is undoubtedly a violation of the automatic stay. In response to Lomax's actions, counsel for Berry filed a motion in the Ohio Court to dismiss the New Litigation and impose sanctions on Lomax for filing the New Litigation despite knowledge of the Debtors' bankruptcy. In addition to the motion to dismiss and impose sanctions in the Ohio Court, the Debtors reserve their rights to enforce the automatic stay and seek all appropriate remedies in the bankruptcy court.

7. In addition, section 1452 of the Judiciary and Judicial Procedures, governing the removal of pending civil actions, provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452.

8. Pursuant to section 1452 of the Judiciary and Judicial Procedures, the Debtors also reserve their rights to seek to remove and transfer, as applicable, the Original Litigation, if reactivated, or the New Litigation.

4

## Notice

9. The Debtors have provided notice of this filing to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the administrative agent for Local Insight Regatta Holdings, Inc.'s prepetition and postpetition senior credit facilities; (d) the indenture trustee for Local Insight Regatta Holdings, Inc.'s 11% Senior Subordinated Notes due 2017; (e) counsel to Welsh, Carson, Anderson & Stowe; (f) the Office of the Attorney General for the State of Delaware; (g) the Internal Revenue Service; (h) the Securities and Exchange Commission; and (i) those parties who have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

*[Remainder of Page Intentionally Left Blank]*

Respectfully submitted,

Dated: December 21, 2010
Wilmington, Delaware

/s/ Curtis A. Hehn
Laura Davis Jones (Bar No. 2436)
Michael R. Seidl (Bar No. 3889)
Curtis A. Hehn (Bar No. 4264)
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
Wilmington, Delaware 19899-8705 (courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

- and -

Richard M. Cieri (admitted *pro hac vice*)
Christopher J. Marcus (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

- and -

Ross M. Kwasteniet (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654-3406
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Attorneys for the
Debtors and Debtors in Possession