**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LOCAL INSIGHT MEDIA HOLDINGS, INC.,[1] | ) | Case No. 10-13677 (KG) |
| | ) | |
| Debtor. | ) | Jointly Administered |
| | ) | Under Case No. 10-13677 (KG) |
| | ) | |

## DEBTOR'S SCHEDULES OF ASSETS AND LIABILITIES

---

[1] The last four digits of the Debtor's federal tax identification number are 2696. The Debtor's service address is 188 Inverness Drive West, Suite 800, Englewood, CO 80112.

# GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY AND DISCLAIMER REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

## I.      Introduction

On November 17, 2010 (the "Petition Date"), Local Insight Media Holdings, Inc. and 17 of its subsidiaries (collectively, the "Debtors"), each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On November 19, 2010, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order directing procedural consolidation and joint administration of these chapter 11 cases. On December 2, 2010, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed the official committee of unsecured creditors (the "Committee") pursuant to section 1102(a) of the Bankruptcy Code.

On the date hereof, the Debtors, with the assistance of their management and advisors, filed their respective Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements," and, together with the Schedules, the "Schedules and Statements") in accordance with section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Mr. Richard C. Jenkins, the Debtors' Interim Chief Financial Officer, executed the Schedules and Statements in his capacity as an authorized signatory. In reviewing and executing the Schedules and Statements, Mr. Jenkins necessarily relied upon the efforts, statements and representations of the Debtors' various personnel and the advice of counsel and other professional advisors. Mr. Jenkins has not (and could not have) personally verified the accuracy of each such statement and representation contained in the Schedules and Statements, including statements and representations concerning amounts owed to creditors.

Although the Debtors have made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible based on the information available at the time of preparation: (a) additional information, or subsequent discovery thereof, may result in material changes to the Schedules and Statements; and (b) inadvertent errors or omissions may exist. In addition, the Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled against each Debtor's respective financial statements. Further, the Schedules and Statements contain unaudited financial information that is subject to further review and potential adjustment or amendment. Based on the foregoing, the Debtors reserve all rights to amend, supplement or otherwise modify the Schedules and Statements to the extent that it is necessary and appropriate. Notwithstanding any such disclosure, the Debtors shall not be required to update the Schedules and Statements.

## II.    Global Notes and Overview of Methodology

These *Global Notes and Statement of Limitations, Methodology and Disclaimer Regarding the Schedules and Statements* (the "<u>Global Notes</u>") pertain to, are incorporated by reference in, and comprise an integral part of <u>all</u> of the Schedules and Statements. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements. In the event that the Schedules and Statements differ from the following Global Notes, the Global Notes shall control.[1]

<u>Accounts Receivable</u>. The accounts receivable information included in the Schedules and Statements has been listed net of certain reserves as of October 31, 2010.

<u>Amendments and Supplements</u>. Although the Debtors have made reasonable efforts to prepare and file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. Accordingly, the Debtors reserve all rights to amend, supplement or otherwise modify the Schedules and Statements to the extent that it is necessary and appropriate.

<u>Asset Presentation</u>. The values presented for the Debtors' assets are based on the book value of such assets as of October 31, 2010, and not on the basis of the current market values of the Debtors' interest in such assets. In addition, to the extent that a Debtor's Schedules list more assets than liabilities, such representation is not an admission that the Debtor was solvent as of the Petition Date or at any time preceding the Petition Date. Likewise, to the extent that a Debtor's Schedules list more liabilities than assets, this is not an admission that the Debtor was insolvent as of the Petition Date or at any time preceding the Petition Date. The Debtors reserve their right to amend or adjust the value of each asset set forth in the Schedules and Statements.

<u>Causes of Action</u>. Despite reasonable efforts, the Debtors may have inadvertently failed to identify and/or list as assets all of their filed or potential causes of action against third parties. The Debtors reserve all rights with respect to any such causes of action and nothing contained in the Global Notes or the Schedules and Statements shall be deemed a waiver of any right to prosecute or defend against any such causes of action.

<u>Claims Designations</u>. Although the Debtors have made every reasonable effort to properly classify each claim listed in the Schedules as being either disputed or undisputed, liquidated or unliquidated, and contingent or non-contingent, the Debtors have not been able to fully reconcile all payments made to third parties and their related entities on account of the Debtors' obligations to such entities and their affiliates. Accordingly, any failure by the Debtors to designate a claim identified on the Schedules and Statements as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve all rights to dispute, or assert

---

[1]    These Global Notes are in addition to any specific notes contained in each Debtor's Schedules and Statements. The fact that the Debtors have prepared a "specific note" with respect to any of the Schedules and Statements and not to others should not be interpreted as a decision by the Debtors to exclude the applicability of the Global Notes to any of the Debtors' Schedules and Statements.

offsets or defenses to, any claim reflected on the Schedules and Statements on any grounds, including amount, liability or classification, or to subsequently designate such claims as "disputed," "contingent" or "unliquidated." Identification of a claim on the Schedules and Statements shall not constitute an admission of the Debtors' liability with respect to such claim.

**Classifications**. Listing: (a) a claim (i) on Schedule D as "secured," (ii) on Schedule E as "priority" or (iii) on Schedule F as "unsecured;" or (b) a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

**Excluded Assets and Liabilities**. The Debtors have excluded certain assets from the Schedules and Statements, including goodwill, customer relationships and assets with a net book value of zero. The Debtors have also excluded certain liabilities from the Schedules and Statements, including accrued salaries and employee benefits, tax accruals and certain other accrued liabilities.

In addition, liabilities resulting from non-specific accruals and/or estimates of long-term liabilities which are not payable at this time because they (a) have not been approved for payment in accordance with the Debtors' normal procedures or (b) have not yet been reported, and therefore, do not represent specific claims as of the Petition Date, have also been excluded from the Schedules and Statements. Certain other immaterial assets and liabilities may also have been excluded.

**Executory Contracts**. Except for publishing agreements that the Debtors treat as intangible assets, the Debtors have not identified executory contracts as assets in the Schedules and Statements. The Debtors' executory contracts are set forth in Schedule G.

**Fiscal Year**. The Debtors' fiscal year covers the period January 1 through December 31.

**Foreign Currency**. Unless otherwise indicated, all amounts are reflected in U.S. dollars. Foreign currency has been translated to U.S. dollars using exchange rates as of the Petition Date.

**Guarantees and Other Secondary Liability Claims**. The Debtors have used their reasonable efforts to locate and identify guarantee obligations and other secondary liability claims in each of their executory contracts, unexpired leases, secured financings, debt instruments and other such agreements (collectively the "Guarantees"). Where such Guarantees have been identified, they have been included in the relevant Schedules. In the event that the Debtors inadvertently failed to identify certain Guarantees, the Debtors reserve the right to amend, supplement or otherwise modify the Schedules accordingly.

**Insiders**. For purposes of the Schedules and Statements, the Debtors define "insiders" pursuant to section 101(31) of the Bankruptcy Code as: (a) directors; (b) officers; (c) shareholders or partners holding in excess of 5% of the voting shares or voting interests; (d) relatives of the Debtors' directors, officers or shareholders; and (e) debtor/non-debtor affiliates. Persons listed as "insiders" have been included for informational purposes only.

Moreover, the Debtors do not take any position with respect to: (a) any insider's influence over the control of the Debtors; (b) the management responsibilities or functions of any

such insider; (c) the decision-making or corporate authority of any such insider; or (d) whether the Debtors or any such insider could successfully argue that he or she is not an "insider" under applicable law, including the federal securities laws, or with respect to any theories of liability or for any other purpose.

**Intellectual Property Rights**. Exclusion of certain intellectual property right shall not be construed as an admission by the Debtors that such intellectual property rights have been: (a) abandoned or terminated; (b) otherwise expired by their terms; or (c) assigned or otherwise transferred pursuant to a sale, acquisition or other transaction. Conversely, inclusion of certain intellectual property rights shall not be construed to be an admission that such intellectual property rights have not been: (x) abandoned or terminated; (y) otherwise expired by their terms; or (z) assigned or otherwise transferred pursuant to a sale, acquisition or other transaction. Although the Debtors have made every effort to attribute intellectual property to the rightful Debtor entity that owns such intellectual property, in certain instances, intellectual property owned by one Debtor entity may, in fact, be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

**Intercompany Claims**. Receivables and payables among the Debtors and their affiliates in these chapter 11 cases (each, an "Intercompany Receivable" or "Intercompany Payable," and, together, the "Intercompany Claims") are reported on Schedule B and Schedule F, respectively, to the extent that such Intercompany Claims are not duplicative of other listed amounts. Intercompany Claims are reported on the Schedules and Statements as of October 31, 2010.

**Liabilities**. The Debtors allocated liabilities between the prepetition and postpetition periods based on the information available and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the Debtors' allocation of liabilities between the prepetition and postpetition periods may change. The liability information, except where otherwise noted, is listed as of the Petition Date. The Debtors reserve all rights to amend, supplement or otherwise modify the liabilities listed on the Schedules and Statements as is necessary and appropriate.

In addition, the liabilities listed on the Schedules do not reflect any analysis conducted by the Debtors regarding potential claims under section 503(b)(9) of the Bankruptcy Code. Accordingly, the Debtors reserve any and all of rights to dispute or challenge the validity of any claims asserted under section 503(b)(9) of the Bankruptcy Code or the characterization of the structure of any transaction, document or instrument related to any creditor's claim.

**Paid Claims**. Pursuant to certain orders entered by the Bankruptcy Court on November 19, 2010, the Debtors maintain the authority to satisfy certain outstanding prepetition obligations. Accordingly, certain prepetition liabilities have been reduced or satisfied by certain of the Debtors' postpetition payments. Such satisfied prepetition claims are not identified on the Schedules and Statements. To the extent that the Debtors pay (or have paid) any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights (although not required) to amend, supplement or otherwise modify the Schedules and Statements or take other action as is necessary and appropriate to avoid overpayment or duplicate payments on account of such liabilities.

**Property and Equipment**. Property and equipment referenced in the Schedules and Statements are stated at cost, net of accumulated depreciation. Property and equipment are presented without consideration of any potential liens.

**Recharacterization**. The Debtors have made every reasonable effort to correctly characterize, classify, categorize and/or designate the claims, assets, executory contracts, unexpired leases and other items reported in the Schedules and Statements. Due, however, to the size and complexity of the Debtors' businesses, the Debtors may have improperly characterized, classified, categorized or designated certain items. Thus, the Debtors reserve the right to recharacterize, reclassify, recategorize or redesignate items reported in the Schedules and Statements as additional information becomes available, including whether contracts listed in the Schedules and Statements were executory as of the Petition Date or remain executory postpetition.

**Reservation of Rights**. Nothing contained in the Schedules and Statements shall constitute a waiver of the Debtors' rights or an admission with respect to their chapter 11 cases, including with respect to any issues involving substantive consolidation, equitable subordination, defenses and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws.

**Setoffs**. In the ordinary course of business, the Debtors routinely incur certain setoffs, recoupment and other similar acts from customers or suppliers. Setoffs in the ordinary course of business can result from various items, including pricing adjustments, billing errors, account reconciliations, returns, warranties and other disputes between the Debtors and their customers and/or suppliers. These normal setoffs and other similar acts are consistent with the ordinary course of business in the industry in which the Debtors operate.

Because these set-offs are small in amount and do not have a material impact on the Debtors' businesses, they are not generally tracked by the Debtors. Additionally, the number of set-offs effected in the ordinary course of business can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs. Therefore, such setoffs are excluded from the Schedules and Statements.

**Totals**. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may differ from the total listed in the Schedules and Statements.

**Undetermined Amounts**. The description of an amount as "unknown," "TBD" or "undetermined" is not intended to reflect upon the materiality of such amount.

## III.    Specific Disclosures Regarding the Debtors' Schedules

**Schedule A**. For those Debtors that own real property, such owned real estate is reported net of accumulated depreciation through October 31, 2010 and reflects the current book value for such real property. Additionally, the Debtors may have listed certain assets as real property when such holdings are in fact personal property holdings, or the Debtors may have listed certain assets as personal property when such holdings are in fact real property holdings. Accordingly, the Debtors reserve all of their rights to recategorize and/or recharacterize such asset holdings to the extent the Debtors determine that such holdings were listed improperly.

**Schedule B**.  The Debtors' books and records do not reflect depreciation and amortization on a per-asset basis.  Accordingly, Schedule B presents the net book value of the Debtors' fixed asset group after impairment.

A.   **Schedules B(1) and B(2)**.  The Debtors have listed bank balances as of the Petition Date, for amounts related to checking, savings and other financial accounts.  Details with respect to the Debtors' cash management systems and bank accounts are provided in the *Motion of Local Insight Media Holdings, Inc., et al. for the Entry of an Order Authorizing the Debtors to (A) Continue to Operate the Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, (C) Continue to Invest the Investment Accounts and (D) Maintain Existing Business Forms* (the "Cash Management Motion") [Docket No. 4].

B.   **Schedule B(3)**.  The Bankruptcy Court has authorized the Debtors to provide adequate assurance of payment for future utility services pursuant to that certain *Interim Order Determining Adequate Assurance of Payment for Future Utility Services and Setting a Final Hearing* [Docket No. 53].  Such deposits are not listed on Schedule B, which is prepared as of the Petition Date.

C.   **Schedule B(5)**.  The Debtors do not, in the normal course of business, separately record the value of books, pictures and other art objects, antiques, stamps, coins, records tapes, compact discs and other collections or collectibles from other fixed assets.  As such, the value for such items, to the extent they are owned by the Debtors, is accounted for in the valuation of other property identified in Schedule B.

D.   **Schedules B(13) and B(14)**.  Ownership interests in subsidiaries, partnerships and joint ventures have been listed in Schedules B(13) and B(14) as an undetermined amount because the fair market value of such ownership is dependent on numerous variables and factors, and may differ significantly from their net book value.

E.   **Schedule B(21)**.  In the ordinary course of business, and unbeknownst to the Debtors, they may have accrued, or may subsequently accrue, certain rights to counterclaims, setoffs, refunds with their customers and suppliers, or potential warranty claims against their suppliers.  Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as a plaintiff or counter-claims as a defendant, including immaterial account collection lawsuits.  Considering that such claims are not known to the Debtors and not quantifiable as of the Petition Date, they are not listed on Schedule B(21).

F.   **Schedule B(23)**.  With respect to Debtor The Berry Company LLC, certain executory contracts have been identified on Schedule B(23) as intangible assets, the value of which Debtor The Berry Company LLC has identified as "undetermined".

6

G.  Schedules B(28) and B(29). There may be certain assets for which their values are included in a fixed asset group or certain assets with a net book value of zero that are not set forth on Schedule B(28) or B(29).

**Schedule D**. The claims listed on Schedule D arose or were incurred on various dates. Determining the date upon which each claim arose or was incurred would be unduly burdensome and cost-prohibitive for the Debtors. Accordingly, not all such dates are included for each claim. All claims listed on Schedule D, however, appear to have arisen or been incurred before the Petition Date.

Individuals and/or entities holding security deposits remitted by the Debtors are not identified on Schedule D. In addition, the Debtors have not included in Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights. Although there are multiple parties that hold a portion of the debt included in the Debtors' prepetition senior secured credit facilities, only the agents under such prepetition credit facilities have been listed for purposes of Schedule D.

Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D. Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim, the characterization of the structure of any such transaction, or any document or instrument related to such creditor's claim. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

The descriptions provided in Schedule D are solely intended to be a summary and not an admission of liability. Indeed, reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed to be a modification or interpretation of the terms of any loan or debt agreements. The Debtors reserve the right to amend Schedule D to the extent that they determine that any claims associated with such agreements should not be reported on Schedule D.

**Schedule E**. The Bankruptcy Court authorized the Debtors to pay certain prepetition obligations, including: (a) tax obligations pursuant to that certain *Final Order Authorizing the Debtors to Remit Certain Prepetition Taxes* [Docket No. 113] (the "Taxes Order"); and (b) employee wages, reimbursable expenses and to continue certain employee benefits in the ordinary course of business pursuant to that certain *Final Order Authorizing the Debtors to Pay Certain Prepeititon (A) Wages, Salaries and Other Compensation, (B) Reimbursable Employee Expenses and (C) Employee Medical and Similar Benefits* [Docket No. 117] (the "Employee Wages Order").

Pursuant to the Taxes Order and Employee Wages Order, the Debtors believe that any prepetition tax claims, employee claims for prepetition amounts related to ongoing payroll, reimbursable expenses and employee benefits, whether allowable as a priority or nonpriority

claim, have been or will be satisfied in the Debtors' ordinary course of business. Accordingly, such satisfied amounts are not listed on Schedule E.

**Schedule F**. The claims listed on Schedule F arose or were incurred on various dates. Determining the date upon which each claim arose or was incurred would be unduly burdensome and cost-prohibitive for the Debtor. Accordingly, not all such dates are included for each claim. However, all claims listed on Schedule F appear to have arisen or been incurred before the Petition Date.

The Debtors generally allocate individual liabilities to a particular Debtor. For a complete understanding of the unsecured debts of each Debtor, the reader should review Schedule F for each Debtor. To the extent the same claim is listed on the Schedules and Statements of more than one Debtor, the Debtors have done so out of an abundance of caution and do not admit or acknowledge that any creditor is entitled to assert its claim against more than one Debtor.

The Debtors have used their reasonable efforts to report all of their general unsecured claims. The claims of individual creditors for, among other things, products, goods or services (a) are listed as the lesser of the amounts invoiced by such creditor as compared to the amounts entered on the Debtors' books and records and (b) may not reflect credits or allowances due from such creditors to the Debtors. Accordingly, the Debtors reserve all of their rights with respect to any such credits and allowances, including the right to assert claims, objections and/or setoffs with respect thereto. Schedule F does not include certain deferred charges, deferred liabilities or general reserves and may be exclusive of certain contingent and unliquidated amounts. Such amounts, however, are reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date.

On November 19, 2010, the Bankruptcy Court entered that certain *Order Authorizing the Debtors to Honor Certain Prepetition Obligations to Customers and to Continue Prepetition Customer Programs and Practices in the Ordinary Course of Business* (the "Customer Programs Order") [Docket No. 51] granting the Debtors authority to honor certain prepetition customer programs. To the extent that the Debtors have satisfied certain prepetition claims in accordance with the Customer Programs Order, such claims are not included in Schedule F.

Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. In addition, Schedule F does not include potential rejection damage claims of counterparties to executory contracts and unexpired leases that may exist in the event the Debtor rejects any such contracts or leases.

Schedule F also contains information regarding threatened or pending litigation involving the Debtors. The amounts for these potential claims are listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements.

All workers' compensation related claims have been listed on Schedule F of Debtor The Berry Company LLC only. Any party asserting a workers' compensation claim against any Debtor should review such Schedule.

**Schedule G**. Schedule G contains a listing of the Debtors' executory contracts and unexpired leases as of the Petition Date. Although the Debtors have made every reasonable effort to ensure the accuracy of Schedule G, given the complexity of the Debtors' businesses, inadvertent errors, omissions or the over-inclusion of contracts or leases may have occurred. As a result, listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease, was in effect on the Petition Date or is valid or enforceable. Similarly, omitting a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Accordingly, the Debtors reserve all of their rights to dispute the validity, status, enforceability or the executory nature of any contract or other agreement set forth in Schedule G (as well as with respect to contracts and leases omitted from Schedule G) and to amend, supplement or otherwise modify Schedule G if necessary.

The contracts, agreements and leases listed on Schedule G may have expired or been modified, amended and/or been supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments and agreements, which may not be listed therein despite the Debtor's use of reasonable efforts to identify such documents. Additionally, certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth separately on Schedule G. Moreover, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, non-disturbance agreements, supplemental agreements, amendments/letter agreements, title agreements, and confidentiality agreements. Such agreements are also not set forth in Schedule G.

Finally, in certain instances, the same supplier or provider may appear multiple times in Schedule G. Multiple listings, if any, reflect distinct agreements between the applicable Debtor and the counterparty to such agreement.

**Schedule H**. In the ordinary course of business, the Debtors may be involved in pending or threatened litigation and face claims arising out of certain ordinary course transactions. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and/or counter-claims against other parties. Because such claims may not be known, the Debtors may have inadvertently failed to identify certain co-debtors with respect thereto. For those litigation co-debtors that the Debtors were able to identify, such information is provided on Schedule F and Statement 4(a).

In addition, with respect to the Debtors' prepetition credit facilities, only the agents under such agreements are listed as co-debtors on Schedule H.

## IV. Specific Disclosures Regarding the Debtors' Statements

**Statement 1**. Amounts identified in Debtor The Berry Company LLC's response to Statement 1 for the 2008 fiscal year consist of: (a) Local Insight Yellow Pages, Inc.'s operating income or losses for the entire 2008 fiscal year; and (b) The Berry Company LLC's operating income or losses from April 28, 2008 through December 31, 2008.

**Statement 2**. Amounts identified in Debtor The Berry Company LLC's response to Statement 2 for the 2008 fiscal year consist of: (a) Local Insight Yellow Pages, Inc.'s interest income for the entire 2008 fiscal year; and (b) The Berry Company LLC's interest income from April 28, 2008 through December 31, 2008.

**Statement 3(b)**. Disbursements and other transfers identified in Statement 3(b) are made through the cash management system described in the Cash Management Motion. For purposes of Statement 3(b), the dates set forth in the "Date of Payment" column relate to one of the following: (a) the date of a wire transfer; (b) the date of an "ACH" payment; or (c) the issuance date of a check. Payments do not include any payments and transfers among the Debtors and their affiliates.

**Statement 3(c)**. Payments identified on Statement 3(c) are listed by the Debtor that made such payment, notwithstanding that certain payments may have been made on behalf of another Debtor. Statement 3(c) may also include certain stock and option transfers which did not vest at the time of the transfer.

Payments to Debtor/non-Debtor affiliates as set forth in Statement 3(c) represent the change in intercompany claims and balances over a period of approximately one year and are listed as the differential between the opening balance and ending balance in the year prior to the bankruptcy filing. To the extent such balances represent a deficit, such amounts are reported in parenthesis. Further, the Debtors' response to Statement 3(c) includes payments made to such creditors who are or were insiders to the extent such payments were made during the time period when the creditor was an insider and only payments to such creditor on account of its capacity as an insider.

With respect to Debtor The Berry Company LLC, from May 2009 through August 2010, Debtor The Berry Company LLC remitted $1,136,048.57 to third-party BI on account of event planning costs and expenses that Debtor The Berry Company LLC's employees and their spouses, some of whom may be insiders, incurred during a sales incentive award trip held from March 3 through March 7, 2010.

**Statement 4(a)**. Debtor The Berry Company LLC is party to judicial matters whereby Debtor The Berry Company LLC seeks to collect *de miminis* outstanding account receivables. Given, however, the nominal nature of these judicial proceedings and the uncertainty of success, Debtor The Berry Company LLC has not included such judicial matters in response to Statement 4(a).

**Statement 7**. Although every reasonable effort has been made to ensure that all gifts and donations made by the Debtors within one year of the Petition Date were identified in response to Statement 7, certain gifts may have been inadvertently omitted.

**Statement 8**. The Debtors occasionally incur losses for a variety of reasons, including theft and property damage. Because these losses have no material impact on the Debtors' businesses or are of a significantly lesser value than the Debtors' high insurance deductible, and thus, not worth reporting to the Debtors' insurance carrier, the Debtors do not keep records of such losses. Accordingly, the Debtors are unable to provide information pursuant to Statement 8.

**Statement 9**. Except where otherwise noted, all of the payments or property transferred by or on behalf of all of the Debtors for advice concerning debt restructuring, relief under the Bankruptcy Code or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date were made by Debtor The Berry Company LLC. Accordingly, such payments are only reflected in Debtor The Berry Company LLC's response to Statement 9.

Further, although the Debtors have omitted payments to bankruptcy professionals from their response to Statement 3(b) so as to avoid the appearance of overpayments or multiple payments, the Debtors do not make any representations as to whether any such payments were on account of antecedent debt or in connection with any retainer amounts.

**Statement 10(a)**. On March 3 and May 27, 2010, respectively, Debtor Local Insight Regatta Holdings, Inc. declared and paid dividend distributions in the amount of $5,000,000 each ($10,000,000 in the aggregate). These respective amounts were subsequently distributed through Debtor Regatta Holding I, L.P., Debtor Regatta Holding II, L.P., Debtor Regatta Holding III, L.P., Debtor Regatta Investor LLC, Debtor Regatta Investor Holdings II, Inc. and Debtor Regatta Investor Holdings, Inc. to Debtor Local Insight Media Holdings III, Inc. Debtor Local Insight Media Holdings III, Inc. then contributed these respective amounts down to Debtor LIM Finance Holdings, Inc., Debtor LIM Finance, Inc., Debtor LIM Finance II, Inc., Local Insight Media LP (a non-Debtor affiliate) and, ultimately, Local Insight Media, Inc. (also a non-Debtor affiliate). So as to not overstate the aggregate transfers within the Statements, the amount for both transfers has been listed once on Statement 10(a) for Debtor Local Insight Regatta Holdings, Inc.

In addition, the Debtors have listed certain transactions in response to Statement 10(a) for which they make no representation as to whether such transactions are outside the ordinary course. However, out of an abundance of caution, such transactions have been disclosed.

**Statement 19(b) and (d)**. With respect to Debtor The Berry Company LLC's response to Statement 19(b), PricewaterhouseCoopers LLC served as The Berry Company LLC's auditor until April 22, 2008. Deloitte & Touche LLP has served as The Berry Company LLC's auditor since April 23, 2008.

With respect to Statement 19(d), the Debtors have undertaken reasonable efforts to identify all financial institutions, creditors and other parties to whom financial statements were issued within two years immediately preceding the Petition Date. Considering, however, the number of such recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, there is a possibility that certain recipients of the Debtors' financial statements have been inadvertently omitted from Statement 19(d). Accordingly, the Debtors reserve their rights to subsequently amend, supplement or otherwise modify Statement 19(d) upon discovery of additional information.

11

In addition, at the conclusion of each of Debtor Local Insight Regatta Holdings, Inc.'s fiscal quarters and fiscal years, and upon the occurrence of certain significant events, Debtor Local Insight Regatta Holdings, Inc. has filed reports on Forms 10-K, 10-Q and 8-K (collectively, the "Filings") with the Securities and Exchange Commission (the "SEC"). The Filings contain financial information related to Debtor Local Insight Regatta Holdings, Inc. Because the Filings are a matter of public record, Debtor Local Insight Regatta Holdings, Inc. does not maintain a record of the parties who requested or obtained copies of any of the Filings from the SEC or Debtor Local Insight Regatta Holdings, Inc. In addition, Debtor Local Insight Regatta Holdings, Inc. provides certain parties, such as banks, auditors, potential investors, vendors, customers and financial advisors with financial statements that may not be part of the Filings. Debtor Local Insight Regatta Holdings, Inc. does not maintain complete lists to track such disclosures. As such, Debtor Local Insight Regatta Holdings, Inc. has not provided lists of these parties in response to Statement 19(d).

**Statement 23**. Debtor The Berry Company LLC remits payment on behalf of services provided by certain members of the boards of directors of Debtor Local Insight Media Holdings, Inc. and Debtor Local Insight Regatta Holdings, Inc. Because such compensation is remitted by Debtor The Berry Company LLC, such payments are solely recorded on Debtor The Berry Company LLC's response to Statement 23.

# United States Bankruptcy Court

## District Of Delaware

In re   Local Insight Media Holdings, Inc.                    ,
         **Debtor**

Case No. 10-13677 (KG)

Chapter 11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | | 1 | $        0.00 | | |
| B - Personal Property | | 6 | $     9,648.00<br>+ UNDETERMINED AMOUNTS | | |
| C - Property Claimed as Exempt | | 1 | | | |
| D - Creditors Holding Secured Claims | | 1 | | $       0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | | 2 | | $       0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | | 15 | | $   13,888,482.66<br>+ UNDETERMINED AMOUNTS | |
| G - Executory Contracts and Unexpired Leases | | 18 | | | |
| H - Codebtors | | 2 | | | |
| I - Current Income of Individual Debtor(s) | No | | | | $   N/A |
| J - Current Expenditures of Individual Debtors(s) | No | | | | $   N/A |
| TOTAL | | 46 | $     9,648.00<br>+ UNDETERMINED AMOUNTS | $   13,888,482.66<br>+ UNDETERMINED AMOUNTS | |

In re   **Local Insight Media Holdings, Inc.**                    ,
        **Debtor**

Case No.   **10-13677 (KG)**
        **(If known)**

# SCHEDULE A – REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| NONE | | | | |
| | | Total ▶ | $ 0.00 | |

(Report also on Summary of Schedules.)

In re  Local Insight Media Holdings, Inc.                    ,          Case No.  10-13677 (KG)
                          Debtor

# SCHEDULE B – PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian," Do not disclose the child's name.  See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or coopratives. | X | | | |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | SEE ATTACHED SCHEDULE B.9 RIDER | | UNDETERMINED |
| 10. Annuities. Itemize and name each issuer. | X | | | |

In re  Local Insight Media Holdings, Inc.            ,          Case No. 10-13677 (KG)
                    Debtor                                                                                      (If known)

# SCHEDULE B – PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | 100% OWNERSHIP INTEREST IN DEBTOR LOCAL INSIGHT MEDIA HOLDINGS II, INC. | | UNDETERMINED |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

In re  Local Insight Media Holdings, Inc.                    ,          Case No. 10-13677 (KG)
                          **Debtor**                                                    **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | SEE ATTACHED SCHEDULE B.21 RIDER | | $9,648.00 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

In re  Local Insight Media Holdings, Inc.            ,        Case No. 10-13677 (KG)
               **Debtor**                                              **(If known)**

# SCHEDULE B – PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |
| | | | | **$ 9,648.00 + UNDETERMINED AMOUNTS** |

                                3    continuation sheets attached      Total ▶

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

SCHEDULE B - PERSONAL PROPERTY
RIDER B.9 - INTERESTS IN INSURANCE POLICIES

| INSURANCE COMPANY | TYPE OF POLICY | POLICY NUMBER | SURRENDER OR REFUND VALUE |
|---|---|---|---|
| ILLINOIS NATIONAL INSURANCE COMPANY (CHARTIS) | EXCESS D&O | 01-406-18-04 | UNDETERMINED |
| FEDERAL INSURANCE COMPANY | PROPERTY | 35865728 | UNDETERMINED |
| FEDERAL INSURANCE COMPANY | GENERAL LIABILITY | 35865728 | UNDETERMINED |
| FEDERAL INSURANCE COMPANY | WORKERS COMPENSATION | 71719166 | UNDETERMINED |
| FEDERAL INSURANCE COMPANY | AUTOMOBILE LIABILITY | 73544883 | UNDETERMINED |
| FEDERAL INSURANCE COMPANY | UMBRELLA | 79861633 | UNDETERMINED |
| FEDERAL INSURANCE COMPANY | EXPORTERS PACKAGE | 74990831 | UNDETERMINED |
| HOUSTON CASUALTY COMPANY | CRIME | 14-MG-09-A9980 | UNDETERMINED |
| HOUSTON CASUALTY COMPANY | PRIMARY D&O | 14-MGU-09-A20455 | UNDETERMINED |

TOTAL    UNDETERMINED

## SCHEDULE B - PERSONAL PROPERTY
### RIDER B.21 - OTHER CONTINGENT AND UNLIQUIDATED CLAIMS OF EVERY NATURE

| DESCRIPTION | VALUE |
|---|---|
| FRANCHISE TAX CREDIT - ARIZONA | $ 50.00 |
| FRANCHISE TAX CREDIT - CALIFORNIA | $ 1,600.00 |
| FRANCHISE TAX CREDIT - IDAHO | $ 30.00 |
| FRANCHISE TAX CREDIT - MINNESOTA | $ 500.00 |
| FRANCHISE TAX CREDIT - UTAH | $ 200.00 |
| FRANCHISE TAX CREDIT - VERMONT | $ 750.00 |
| FRANCHISE TAX CREDIT - WISCONSIN | $ 6,518.00 |
| TOTAL | $ 9,648.00 |

In re  Local Insight Media Holdings, Inc.         ,          Case No.  10-13677 (KG)
            **Debtor**                                                      **(If known)**

# SCHEDULE C – PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)

☐ 11 U.S.C. § 522(b)(2)

☐ 11 U.S.C. § 522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $146,450.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| N/A | | | |

B6D (Official Form 6D) (04/10)

In re   Local Insight Media Holdings, Inc.              ,        Case No. 10-13677 (KG)
                        **Debtor**                                                    (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

[x]     Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO. | | | | | | | | |
| | | | VALUE $ | | | | | |

_0_ continuation sheets attached

| | | |
|---|---|---|
| Subtotal ▶ (Total of this page) | $ 0.00 | $0.00 |
| Total ▶ (Use only on last page) | $ 0.00 | $0.00 |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

B6E (Official Form 6E) (04/10)

In re   **Local Insight Media Holdings, Inc.**                    ,                    Case No. 10-13677 (KG)
_____
                    Debtor                                                                                                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

[x]   Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

[ ]   **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

[ ]   **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

[ ]   **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

[ ]   **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

**B6E (Official Form 6E) (04/10) – Cont.**

In re  <u>Local Insight Media Holdings, Inc.</u>          ,          Case No. <u>10-13677 (KG)</u>
_____
                 **Debtor**                                                        **(if known)**

☐    **Certain farmers and fishermen**

     Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐    **Deposits by individuals**

     Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐    **Taxes and Certain Other Debts Owed to Governmental Units**

     Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐    **Commitments to Maintain the Capital of an Insured Depository Institution**

     Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐    **Claims for Death or Personal Injury While Debtor Was Intoxicated**

     Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).


\* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

<u> 0 </u>  continuation sheets attached

B6F (Official Form 6F) (04/10)

In re   Local Insight Media Holdings, Inc.                    ,          Case No. 10-13677 (KG)
                          Debtor                                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.                                                                  ADAM JAMES SEARCH PO BOX 60839 C/O CAPTIAL TEMPFUNDS, INC CHARLOTTE, NC 28260 | | | TRADE PAYABLE | X | | | $89,192.05 |
| ACCOUNT NO.                                                                  AGILONICS INC 636 AVALON AVE LAFAYETTE, CO 80026 | | | TRADE PAYABLE | X | | | $77,811.20 |
| ACCOUNT NO.                                                                  AGRESEARCH.INFO 5430 LBJ FREEWAY SUITE 12000 DALLAS, TX 75240 | | | TRADE PAYABLE | | | | $2,975.00 |
| ACCOUNT NO.                                                                  APEX 3 LLC 1832 FOX RUN ROCHESTER HILLS, MI 48306 | | | TRADE PAYABLE | X | | | $124,901.00 |

_14_ continuation sheets attached

Subtotal ▶   $ 294,879.25

Total ▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

In re  Local Insight Media Holdings, Inc. _____,     Case No. __10-13677 (KG)_____
      Debtor                 (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> ARDENT TECHNOLOGIES INC <br> 1458 YANKEE PARK PLACE <br> BOX N <br> DAYTON, OH 45458 | | | TRADE PAYABLE | X | | | $31,135.50 |
| ACCOUNT NO. <br><br> AT & T <br> PO BOX 78045 <br> PHOENIX, AZ 85062-8045 | | | TRADE PAYABLE | | X | | $28,342.68 |
| ACCOUNT NO. <br><br> AT & T <br> ACCT 030 169 2553 001 <br> PO BOX 78522 DBA AT&T <br> ALASCOM <br> PHOENIX, AZ 85062-8522 | | | TRADE PAYABLE | | X | | $156.98 |
| ACCOUNT NO. <br><br> AT & T <br> PO BOX 105068 <br> ATLANTA, GA 30348-5068 | | | TRADE PAYABLE | | X | | $22.57 |

Sheet no. _1_of _14_ continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶ | $ 59,657.73

Total ▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

In re **Local Insight Media Holdings, Inc.** ,
                        Debtor

Case No. **10-13677 (KG)**
                  (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>AT & T<br>PO BOX 78114<br>PHOENIX, AZ 85062-8114 | | | TRADE PAYABLE | | X | | $45.04 |
| ACCOUNT NO.<br>AT & T<br>PO BOX 5019<br>CAROL STREAM, IL 60197-5019 | | | TRADE PAYABLE | | X | | $25,780.81 |
| ACCOUNT NO.<br>AT & T<br>PO BOX 5001<br>CAROL STREAM, IL 60197-5001 | | | TRADE PAYABLE | | X | | $6,754.64 |
| ACCOUNT NO.<br>AT & T<br>PO BOX 8100<br>AURORA, IL 60507-8100 | | | TRADE PAYABLE | | X | | $760.73 |
| ACCOUNT NO.<br>AT & T<br>PO BOX 105262<br>ATLANTA, GA 30348-5262 | | | TRADE PAYABLE | | X | | $14,210.24 |

Sheet no. _2_ of _14_ continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶ | $ 47,551.46

Total ▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re  **Local Insight Media Holdings, Inc.**          ,
                         Debtor

Case No.   **10-13677 (KG)**
                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br><br>AT & T<br>PO BOX 105414<br>ATLANTA, GA 30348-5414 | | | TRADE PAYABLE | | X | | $7.61 |
| ACCOUNT NO.<br><br>AT & T<br>PO BOX 9005<br>CAROL STREAM, IL 60197-9005 | | | TRADE PAYABLE | | X | | $371.66 |
| ACCOUNT NO.<br><br>BAIN & COMPANY INC<br>190 S LASALLE ST<br>SUITE 3400<br>CHICAGO, IL 60603 | | | TRADE PAYABLE | | | X | $5,156,359.26 |
| ACCOUNT NO.<br><br>BERRY COMPANY LLC, THE<br>188 INVERNESS DR WEST<br>STE 800<br>ENGLEWOOD, CO 80112 | | | CODEBTOR CONTRACT CLAIMS | X | X | | UNDETERMINED |
| ACCOUNT NO.<br><br>BI<br>PO BOX 1450<br>NW 5055<br>MINNEAPOLIS, MN 55485-5055 | | | TRADE PAYABLE | | | | $265.05 |

Sheet no. _3_ of _14_ continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶   $ 5,157,003.58

Total ▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

In re  Local Insight Media Holdings, Inc.                ,          Case No.   10-13677 (KG)
                          Debtor                                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>BLUE WOLF GROUP LLC<br>PO BOX 30850<br>NEW YORK, NY 10087-0850 | | | TRADE PAYABLE | | | | $14,255.32 |
| ACCOUNT NO.<br>BOOTH RESEARCH SERVICES<br>8046 ROSWELL RD, 101C<br>ATLANTA, GA 30350 | | | TRADE PAYABLE | | | | $51,450.00 |
| ACCOUNT NO.<br>BTS USA INC<br>BOX 512550<br>PHILADELPHIA, PA 19175-2550 | | | TRADE PAYABLE | | | | $34,448.00 |
| ACCOUNT NO.<br>BUCHANAN TECHNOLOGIES<br>ONE PRESTIGE PLACE  STE 900<br>MIAMISBURG, OH 45342 | | | TRADE PAYABLE | | | | $291,794.47 |
| ACCOUNT NO.<br>CDW DIRECT LLC<br>PO BOX 75723<br>CHICAGO, IL 60675-5723 | | | TRADE PAYABLE | | | | $3,132.49 |

Sheet no.  4  of  14  continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶   $ 395,080.28

Total ▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

In re  Local Insight Media Holdings, Inc._____ ,  Case No._10-13677 (KG)_____
                   Debtor                                                          (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>CEREBYTE INC<br>413 NW 69TH ST<br>VANCOUVER, WA 98665 | | | TRADE PAYABLE | X | | | $39,166.67 |
| ACCOUNT NO.<br>CONCUR TECHNOLOGIES INC<br>PO BOX 7555<br>SAN FRANCISCO, CA 94120 | | | TRADE PAYABLE | | | | $7,781.35 |
| ACCOUNT NO.<br>CORPOREX INVERNESS LLC<br>188 INVERNESS DRIVE WEST, STE 100<br>C/O CORPOREX CENTER<br>CUSHMAN AND WAKEFIELD<br>ENGLEWOOD, CO 80112 | | | TRADE PAYABLE | | | | $2,822.15 |
| ACCOUNT NO.<br>CYNERGIES SOLUTIONS GROUP<br>387 GOLFVIEW LANE, SUITE 100<br>HIGHLAND HEIGHTS, OH 44143 | | | TRADE PAYABLE | X | | | $675.00 |

Sheet no. _5_ of _14_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ | $ 50,445.17

Total ▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re  Local Insight Media Holdings, Inc.                ,          Case No.   10-13677 (KG)
                          Debtor                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>DIGITAL MEDIA COMMUNICATIONS<br>140 DUTCHMAN BLVD STE C<br>IRMO, SC 29063 | | | TRADE PAYABLE | | | | $3,205.00 |
| ACCOUNT NO.<br>ELENA C BECKMAN<br>12213 WENONGA LANE<br>LEAWOOD, KS 66209-2139 | | | TRADE PAYABLE | X | | | $2,325.00 |
| ACCOUNT NO.<br>HOGAN LOVELLS US LLP<br>1200 SEVENTEENTH STREET<br>ONE TABOR CENTER, SUITE 1500<br>DENVER, CO 80202 | | | TRADE PAYABLE | | | | $54,213.32 |
| ACCOUNT NO.<br>IACONO PRODUCTIONS<br>11420 DEERFIELD RD<br>CINCINNATI, OH 45242 | | | TRADE PAYABLE | | | | $42,527.00 |
| ACCOUNT NO.<br>INNOVATIVE ARCHITECTS LLC<br>3122 HILL STREET<br>DULUTH, GA 30096 | | | TRADE PAYABLE | X | | | $109,396.21 |

Sheet no.  6  of  14  continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶   $ 211,666.53

Total ▶   $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re  Local Insight Media Holdings, Inc.          ,          Case No.   10-13677 (KG)
                        Debtor                                                                (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br> INTERCALL INC <br> 15272 COLLECTIONS CENTER DRIVE <br> CHICAGO, IL 60693 | | | TRADE PAYABLE | | | | $29,446.78 |
| ACCOUNT NO. <br> JACOBS CHASE <br> 1050 17TH ST <br> SUITE 1500 <br> DENVER, CO 80265 | | | TRADE PAYABLE | | | | $523.50 |
| ACCOUNT NO. <br> KELLY SERVICES INC <br> 1212 SOLUTIONS CENTER <br> CHICAGO, IL 60677-1002 | | | TRADE PAYABLE | X | | | $197,233.21 |
| ACCOUNT NO. <br> KNOWLEDGELAKE INC <br> 3 CITYPLACE DRIVE <br> SUITE 700 <br> ATTN: ROBIN TALIR-GARCIA <br> ST LOUIS, MO 63141 | | | TRADE PAYABLE | | | | $50,000.00 |

Sheet no.  7  of  14  continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶  | $ 277,203.49

Total ▶  | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

In re  Local Insight Media Holdings, Inc.          ,          Case No.  10-13677 (KG)
          Debtor                                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> LEADERSHIP RESEARCH INSTITUTE <br> PO BOX 675520 <br> RANCHO SANTA FE, CA 92067-5520 | | | TRADE PAYABLE | | | | $1,625.00 |
| ACCOUNT NO. <br><br> LINK SYSTEMS INC <br> PO BOX 33665 <br> HARTFORD, CT 06150-3665 | | | TRADE PAYABLE | | | | $4,290.00 |
| ACCOUNT NO. <br><br> LOCAL INSIGHT MEDIA INC. <br> 188 INVERNESS DR WEST <br> STE 800 <br> ENGLEWOOD, CO 80112 | | | INTERCOMPANY PAYABLE | | X | | $2,811,561.11 |
| ACCOUNT NO. <br><br> LOCAL INSIGHT MEDIA LP <br> 188 INVERNESS DR WEST <br> STE 800 <br> ENGLEWOOD, CO 80112 | | | CODEBTOR CONTRACT CLAIMS | X | X | | UNDETERMINED |

Sheet no.  8  of  14  continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶  $ 2,817,476.11

Total ▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

In re  Local Insight Media Holdings, Inc.                ,          Case No.   10-13677 (KG)
                        Debtor                                                        (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | TRADE PAYABLE | | | | $202,500.96 |
| MACMILLAN INDIA LIMITED HMG AMASSADOR 137 INFORMATION PROCESSING DIVISION BANGALORE-560 025, INDIA | | | | | | | |
| ACCOUNT NO. | | | TRADE PAYABLE - PRE-PETITION ACCRUAL | X | X | X | UNDETERMINED |
| MAROON VENTURES LLC 120 ELK AVE. CRESTED BUTTE, CO 81224 | | | | | | | |
| ACCOUNT NO. | | | TRADE PAYABLE | | | | $101,967.73 |
| MCCARTHY BURGESS & WOLFF 26000 CANNON ROAD CLEVELAND, OH 44146 | | | | | | | |
| ACCOUNT NO. | | | TRADE PAYABLE | | | | $56.31 |
| MEDIA VENTURES INC 200 CONNECTICUT AVE - STE 2-D NORWALK, CT 06854-1940 | | | | | | | |

Sheet no. _9_ of _14_ continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶    $ 304,525.00

Total ▶    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

In re **Local Insight Media Holdings, Inc.**          ,          Case No.   10-13677 (KG)
                          **Debtor**                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> MEDIATRAKS GLOBAL LLC <br> 2977 MCFARLANE ROAD <br> SUITE 304 <br> MIAMI, FL 33133 | | | TRADE PAYABLE | | | | $141,738.27 |
| ACCOUNT NO. <br><br> MERRILL COMMUNICATIONS LLC <br> CM-9638 <br> ST PAUL, MN 55170-9638 | | | TRADE PAYABLE | | | | $13,697.75 |
| ACCOUNT NO. <br><br> MODERN LAW LLC <br> 7820 INVERNESS BLVD #411 <br> ENGLEWOOD, CO 80112 | | | TRADE PAYABLE | X | | | $5,490.00 |
| ACCOUNT NO. <br><br> MODIS INC <br> PO BOX 1020410 <br> ATLANTA, GA 30368-0410 | | | TRADE PAYABLE | X | | | $10,423.86 |
| ACCOUNT NO. <br><br> MURRAY DEVINE COMPANY <br> 1650 ARCH STREET <br> STE 2700 <br> PHILADELPHIA, PA 19103 | | | TRADE PAYABLE | | | | $40,625.00 |

Sheet no. _10_ of _14_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ▶ | $ 211,974.88

Total ▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

In re  Local Insight Media Holdings, Inc.                    ,        Case No.   10-13677 (KG)
                        Debtor                                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>NEVIS GROUP<br>1309 WEST SCHUBERT AVENUE<br>CHICAGO, IL 60614 | | | TRADE PAYABLE | X | | | $69,422.63 |
| ACCOUNT NO.<br>NEW VECTOR PARTNERS LLC<br>11235 CLAY COURT<br>WESTMINSTER, CO 80234 | | | TRADE PAYABLE | | | | $6,900.00 |
| ACCOUNT NO.<br>NYK LOGISTICS (AMERICAS) INC.<br>1900 CHARLES BRYAN RD<br>CORDOVA, TN 38016 | | | TRADE PAYABLE | X | | | $3,267.61 |
| ACCOUNT NO.<br>PAYTECH INC<br>8400 EAST PRENTICE AVE<br>SUITE 1400<br>GREENWOOD VILLAGE, CO 80111 | | | TRADE PAYABLE - PRE-PETITION ACCRUAL | X | X | X | UNDETERMINED |
| ACCOUNT NO.<br>PINNACLE PERFORMANCE LLC<br>658 FAIRCHILD DRIVE<br>HIGHLANDS RANCH, CO 80126 | | | TRADE PAYABLE | X | | | $82,920.55 |

Sheet no.  11  of  14  continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶  $ 162,510.79

Total ▶  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

In re  Local Insight Media Holdings, Inc._____ ,          Case No.   10-13677 (KG)
                  Debtor                                                                (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>PURE TECHNOLOGIES GROUP INC<br>1279 S CHEROKEE ST<br>DENVER, CO 80223-3206 | | | TRADE PAYABLE - PRE-PETITION ACCRUAL | X | X | X | UNDETERMINED |
| ACCOUNT NO.<br>QUADGRAPHICS (WORLD COLOR USA CORP.)<br>ATTN: LISA JOHNSON WAUKEE<br>N63 W23075 STATE HWY 74<br>SUSSEX, WI 53089-2827 | | | TRADE PAYABLE | | | | $3,127,407.48 |
| ACCOUNT NO.<br>RANDSTAD NORTH AMERICA, LP<br>2015 SOUTH PARK PLACE<br>ATLANTA, GA 30339 | | | TRADE PAYABLE | X | | | $441,599.90 |
| ACCOUNT NO.<br>RELIASTAR LIFE INSURANCE COMPANY<br>20 WASHINGTON AVENUE SOUTH<br>MINNEAPOLIS, MN 55401 | | | TRADE PAYABLE | X | | | $12,246.67 |

Sheet no. _12_ of _14_ continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶ | $ 3,581,254.05

Total ▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (04/10) – Cont.

In re  Local Insight Media Holdings, Inc.                    ,          Case No.  10-13677 (KG)
_____          _____
                              Debtor                                                                (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. SBC ADVERTISING LTD L-2828 COLUMBUS, OH 43260 | | | TRADE PAYABLE | | | | $29,235.90 |
| ACCOUNT NO. SOFTCHOICE CORP 16609 COLLECTIONS CENTER DR CHICAGO, IL 60693 | | | TRADE PAYABLE | | | | $188.78 |
| ACCOUNT NO. TURNHERE INC 1480 64TH ST #100 EMERYVILLE, CA 94608 | | | TRADE PAYABLE | | | | $16,286.65 |
| ACCOUNT NO. VIDEOBLOOM INC 7350 PROGRESS PLACE SUITE 212 GREENWOOD VILLAGE, CO 80111 | | | TRADE PAYABLE | | | | $34,093.22 |
| ACCOUNT NO. VOICELOG PO BOX 975007 DALLAS, TX 75397-5007 | | | TRADE PAYABLE | | | | $6,270.72 |

Sheet no. _13_ of _14_ continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶ | $ 86,075.27

Total ▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

In re **Local Insight Media Holdings, Inc.**                    ,          Case No.   10-13677 (KG)
          Debtor                                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> WEB.COM GROUP INC <br> 12808 GRAN BAY PARKWAY WEST <br> JACKSONVILLE, FL 32258 | | | TRADE PAYABLE | | | | $59,090.41 |
| ACCOUNT NO. <br><br> WORKFLOWONE <br> PO BOX 644039 <br> PITTSBURGH, PA 15264-4039 | | | TRADE PAYABLE | | | | $4,250.47 |
| ACCOUNT NO. <br><br> WORKFLOWONE <br> PO BOX 676496 <br> DALLAS, TX 75267-6496 | | | TRADE PAYABLE | | | | $8,957.32 |
| ACCOUNT NO. <br><br> YODLE INC <br> 50 W 23RD STREET, 4TH FLR <br> COURT CUNNINGHAM- CEO HEADQUARTERS <br> NEW YORK, NY 10010 | | | TRADE PAYABLE | | | | $158,880.87 |

Sheet no. _14_ of _14_ continuation sheets
attached to Schedule of Creditors Holding
Unsecured Nonpriority Claims

Subtotal ▶  $ 231,179.07

Total ▶
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

$ 13,888,482.66
+ UNDETERMINED AMOUNTS

In re   Local Insight Media Holdings, Inc.                     ,          Case No.   10-13677 (KG)
                          **Debtor**                                                          (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112. and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| 3L MEDIA AB<br>ATTN: CHIEF EXECUTIVE OFFICER<br>SOLNA STRANDVAG 4<br>S-171 04<br>SOLNA, SWEDEN | IT SERVICES AGREEMENT |
| ADAM JAMES LLC<br>ATTN: TOM GILDA<br>2000 S. COLORADO BLVD.<br>STE. 2-620,<br>DENVER, CO 80222 | CONSULTING AGREEMENT |
| AGILONICS, LLC<br>ATTN: LEROY VAN DER VEGT<br>636 AVALON AVE.<br>LAFAYETTE, CO 80026 | IT SERVICES AGREEMENT |
| AGRESEARCH INTERNATIONAL<br>ATTN: PATTI T. MAYER<br>5430 LBJ FREEWAY<br>SUITE 1200<br>DALLAS, TX 75240 | HR SERVICES AGREEMENT |
| ALVAREZ & MARSAL<br>ATTN: RICHARD JENKINS, MANAGING DIRECTOR<br>717 17TH STREET<br>SUITE 2750<br>DENVER, CO 80202 | INTERIM CFO AND CRO SERVICES |
| ALVAREZ & MARSAL NORTH AMERICA, LLC AND ALVEREZ & MARSAL PRIVATE EQUITY PERFORMANCE IMPROVEMENT GROUP, LLC<br>600 LEXINGTON AVE - 6TH FLR<br>NEW YORK, NY 10022 | ENGAGEMENT OF PROFESSIONAL SERVICES |

In re  Local Insight Media Holdings, Inc.                    ,          Case No.  10-13677 (KG)
                        **Debtor**                                                        (if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| AMERICAN CUSTOMS BROKERAGE CO., INC. FOREIGN TRADE ZONE NO. 9 521 ALA MONA BLVD, ROOM 252 HONOLULU, HI 96809 | SERVICES AGREEMENT |
| ANAKLYTICS OPERATIONS ENGINEERING, INC. ATTN: STEVE BANDLER 111 DEVONSHIRE ST FLOOR 8 BOSTON, MA 02109-5415 | IT SERVICES AGREEMENT |
| APEX 3 LLC 1832 FOX RUN ROCHESTER HILLS, MI 48306 | IT SERVICES AGREEMENT |
| AQUIRE ATTN: TOM MCKEON, EVP SALES 5215 N. O'CONNOR BLVD SUITE 300 IRVING, TX 75039 | SOFTWARE LICENSE AND MAINTENANCE |
| ARDENT TECHNOLOGIES, INC 1458 YANKEE PARK PLACE BOX N DAYTON, OH 45458 | CONSULTING SERVICES |
| AT&T 2121 E 63RD ST. KANSAS CITY, MO 64130 | TELECOMMUNICATIONS NETWORK SERVICES |
| ATTAIN TECHNOLOGIES LLC 7425 S. PEORIA STREET SUITE 200 ENGLEWOOD, CO 80112 | IT SERVICES AGREEMENT |

In re   Local Insight Media Holdings, Inc.                    ,          Case No.   10-13677 (KG)
                      **Debtor**                                                       (if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| BAIN & COMPANY, INC.<br>190 SOUTH LASALLE STREET<br>SUITE 3400<br>CHICAGO, IL 60603 | CONSULTING SERVICES |
| BI<br>ATTN: MANAGER, CONTRACT SERVICES<br>7630 EAST BUSH LAKE ROAD<br>MINNEAPOLIS, MN 55439 | CONSULTING SERVICES |
| BLUEWOLF GROUP LLC<br>220 FIFTH AVE.<br>15TH FLOOR<br>NEW YORK, NY 10001 | CONSULTING SERVICES |
| BOOTH RESEARCH SERVICES, INC.<br>1120 HOPE ROAD<br>SUITE 200<br>ATLANTA, GA 30350-2975 | SERVICES AGREEMENT |
| BRIGHTSOURE CONSULTING, INC.<br>ATTN: MARC R. MILLER<br>1450 TOWN HALL ROAD<br>BEAVERCREEK, OH 45432 | CONSULTING SERVICES |
| BSG TPV, LLC (DBA VOICELOG)<br>7411 JOHN SMITH DRIVE, SUITE 1500<br>ATTN:  GENERAL COUNSEL<br>SAN ANTONIO, TX 78229 | THIRD PARTY VERIFICATION SERVICES AGREEMENT |
| BTS USA, INC.<br>ATTN: KEITH MARASIA, CAO<br>300 FIRST STANFORD PLACE<br>4TH FLOOR<br>STAMFORD, CT 06902 | SERVICES AGREEMENT |

In re  Local Insight Media Holdings, Inc. _____ ,     Case No.  10-13677 (KG)
    Debtor                                              (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| BUCHANAN TECHNOLOGIES<br>ONE PRESTIGE PLACE<br>SUITE 900<br>MIAMISBURG, OH 45342 | SERVICES AGREEMENT |
| CADWALADER, WISHERSHAM & TAFT LLP<br>ONE WORLD FINANCIAL CENTER<br>NEW YORK, NY 10281 | LAW FIRM ENGAGEMENT |
| CB RICHARD ELLIS<br>11150 SANTA MONICA BLVD.<br>SUITE 1600<br>LOS ANGELES, CA 90025 | BROKERAGE AGREEMENT |
| CDW DIRECT, LLC<br>ATTN: GENERAL COUNSEL<br>230 N. MILWAUKEE AVENUE<br>VERNON HILLS, IL 60061 | MUTUAL NON-DISCLOSURE AGREEMENT |
| CENTER FOR CREATIVE LEADERSHIP<br>ATTN: CRAIG APPANEAL<br>ONE LEADERSHIP PLACE<br>GREENSBORO, NC 27410 | SERVICES AGREEMENT |
| CEREBYTE<br>13207 DEERFIELD CT.<br>LAKE OSWEGO, OR 97035 | CONSULTING AGREEMENT |
| CINCINNATI BELL TELEPHONE COMPANY LLC<br>ATTN: LEGAL DEPT<br>221 EAST FOURTH STREET<br>CINCINNATI, OH 45202 | SERVICES AGREEMENT |

In re  Local Insight Media Holdings, Inc.                    ,          Case No.   10-13677 (KG)
                      Debtor                                                                (if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| CONCUR TECHNOLOGIES, INC. ATTN: CHIEF LEGAL OFFICER 18400 N.E. UNION HILL ROAD REDMOND, WA 98052 | IT SOFTWARE LICENSE |
| CORETRUST PURCHASING GROUP 155 FRANKLIN ROAD SUITE 400 BRENTWOOD, TN 37027 | GROUP PARTICIPATION AGREEMENT |
| CORPOREX INVERNESS, LLC ATTN: PROPERTY MANAGER 1125 17TH STREET, SUITE 2300 DENVER, CO 80202 | LEASE |
| CYNERGIES CONSULTING, INC. ATTN: ELLIE CHALKO 387 GOLFVIEW LANE SUITE 100 HIGHLAND HEIGHTS, OH 44143 | CONSULTING SERVICES |
| DATALINK CORPORATION 8170 UPLAND CIRCLE CHANHASSEN, MN 55317 | IT SERVICES AGREEMENT |
| DELOITTE & TOUCHE LLP 555 SEVENTEENTH ST. # 3600 DENVER, CO 80202-3942 | SERVICES AGREEMENT (ENGAGEMENT LETTER) |
| DIGITAL MEDIA COMMUNICATIONS, INC. 140 DUTCHMAN BLVD. SUITE C IRMO, SC 29063 | SERVICES AGREEMENT |

In re   Local Insight Media Holdings, Inc.            ,          Case No.   10-13677 (KG)
            Debtor                                                   (if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| DISCOVERY, A DIVISION OF DISCOVERY TECHNOLOGY, INC. ATTN: DOUG LEIGH 9035 WADSWORTH PARKWAY SUITE 3820 WESTMINSTER, CO 80021 | SERVICES AGREEMENT |
| EDWARD D. WAYNE ED WAYNE 401 KAMAKEE ST. SUITE 414 HONOLULU, HI 96814 | STANDARD LEASE |
| ELENA BECKMAN, CPA 12213 WENONGA LANE LEAWOOD, KS 66209-2139 | CONSULTING AGREEMENT |
| FISCHER, JOHN 188 INVERNESS DRIVE WEST SUITE 800 ENGLEWOOD, CO 80112 | EMPLOYMENT AGREEMENT |
| FORD & HARRISON LLP 1675 BROADWAY SUITE 2150 DENVER, CO 80202 | LAW FIRM ENGAGEMENT |
| GARTH A. LARSON & SANDRA M. LARSON REVOCABLE TRUST DATED 06/27/95 2331 CARRIAGE COURT WISCONSIN RAPIDS, WI 54494-0727 | LEASE |
| GEIGER-SCHWAB, KATHY 188 INVERNESS DRIVE WEST SUITE 800 ENGLEWOOD, CO 80112 | EMPLOYMENT AGREEMENT |

In re   Local Insight Media Holdings, Inc.                    ,          Case No.   10-13677 (KG)
                    **Debtor**                                                          **(if known)**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| HOGAN & HARTSON LLP<br>1200 SEVENTEENTH STREET<br>ONE TABOR CENTER, SUITE 1500<br>DENVER, CO 80202 | LAW FIRM ENGAGEMENT FOR SEC MATTERS |
| HOW, WENDY<br>4796 TULE LAKE DRIVE<br>LITTLETON, CO 80123 | CONSULTING AGREEMENT |
| IACONO<br>11420 DEERFIELD RD<br>CINCINNATI, OH 45242 | AGREEMENT FOR PROCUREMENT OF SERVICES |
| INNOVATIVE ARCHITECTS, LLC<br>ATTN: LEGAL DEPT.<br>3122 HILL STREET<br>DULUTH, GA 30096 | SERVICES AGREEMENT |
| INTEGRATED PEOPLE SOLUTIONS, LLC<br>10901 W 120TH AVE<br>SUITE 300<br>BROOMFIELD, CO 80021 | CONSULTING AGREEMENT |
| INTERCALL<br>ATTN: LEGAL DEPT.<br>8420 W. BRYN MAWR<br>SUITE 400<br>CHICAGO, IL 60631 | SERVICES AGREEMENT |
| J2 GLOBAL COMMUNICATIONS, INC.<br>ATTN: LEGAL DEPT.<br>6922 HOLLYWOOD BLVD<br>STE 500<br>HOLLYWOOD, CA 90028 | CORPORATE SERVICES AGREEMENT |

In re   Local Insight Media Holdings, Inc.                    ,        Case No.   10-13677 (KG)
                          Debtor                                                    (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| JACOBS CHASE FRICK KLEINKOPF & KELLEY LLC TRACY B. GRAY 1050 17TH STREET, SUITE 1500 DENVER, CO 80265 | RETAINER LETTER |
| JACOBS CHASE FRICK KLEINKOPF & KELLEY LLC 1050 17TH STREET, SUITE 1500 DENVER, CO 80265 | LAW FIRM ENGAGEMENT |
| JANE DENNISON-BAYER 8979 UPPER LANDO LANE PARK CITY, UT 84098 | CONSULTING AGREEMENT |
| JILLANN RAE TURNWALL 9975 S BLACKBIRD CIRCLE HIGHLANDS RANCH, CO 80130 | CONSULTING AGREEMENT |
| KAISER FOUNDATION HEALTH PLAN, INC. 711 KAPIOLANI BOULEVARD HONOLULU, HI 96813 | GROUP MEDICAL AND HOSPITAL SERVICE AGREEMENT--NON-PROFIT HEALTH PLAN FOR HAWAII |
| KELLY SERVICES, INC 999 WEST BIG BEAVER ROAD TROY, MI 48084 | MASTER AGREEMENT FOR TEMPORARY LABOR SERVICES |
| KIRKLAND & ELLIS INTERNATIONAL LLP 601 LEXINGTON AVENUE NEW YORK, NY 10022-4643 | LAW FIRM ENGAGEMENT |

In re  Local Insight Media Holdings, Inc._____,          Case No._10-13677 (KG)___
                    Debtor                                                                                  (if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| KIRKLAND & ELLIS INTERNATIONAL LLP<br>601 LEXINGTON AVENUE<br>NEW YORK, NY 10022-4643 | LAW FIRM ENGAGEMENT |
| KNOWLEDGELAKE INC<br>ATTN: ROBERT BUEUTMANN, VP BUSINESS DEVELOPMENT<br>3 CITYPLACE DRIVE<br>SUITE 700<br>ST. LOUIS, MO 63141 | CONSULTING AGREEMENT |
| KONE, INC.<br>ATTN: DENNIS GERARD, SVP<br>ONE KONE COURT<br>MOLINE, IL 61265 | AGREEMENT FOR PROCUREMENT OF SERVICES |
| LAZARD FRERES & CO. LLC<br>30-ROCKFELLER PLAZA<br>NEW YORK, NY 10020 | CONSULTING SERVICES AGREEMENT |
| LAZARD FRERES & CO. LLC<br>30-ROCKFELLER PLAZA<br>NEW YORK, NY 10020 | CONSULTING SERVICES AGREEMENT |
| LEADERSHIP RESEARCH INSTITUTE<br>PO BOX 675520<br>RANCHO SANTA FE, CA 92067 | MASTER SERVICES AGREEMENT |
| LINK SYSTEMS, INC.<br>PO BOX 33665<br>HARTFORD, CT 06150-3665 | CONTRACT |

In re   Local Insight Media Holdings, Inc.                              ,          Case No.   10-13677 (KG)
              **Debtor**                                                                                                    (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| LINKEDIN CORPORATION<br>ATTN: LEGAL DEPT.<br>2029 STIERLIN CT.<br>MOUNTAIN VIEW, CA 94043 | ORDER FORM AND CORPORATE SUBSCRIPTION AGREEMENT |
| LISTFIELD CONSULTING<br>19 CEDAR HILLS<br>WESTON, CT 06883 | CONSULTING AGREEMENT |
| MACMILLAN INDIA LIMITED<br>21, PATULLOS ROAD<br>CHENNAI- 600002, INDIA | MASTER SERVICES AGREEMENT |
| MAROON VENTURES LLC<br>120 ELK AVE.<br>CRESTED BUTTE, CO 81224 | CONSULTING SERVICES AGREEMENT |
| MARQUETTE GROUP<br>ATTN: ERIC D. WEBB<br>222 NE MONROE ST<br>8TH FLOOR<br>PEORIA, IL 61602 | MUTUAL NONDISCLOSURE AGREEMENT |
| MARTIN, LINDA<br>188 INVERNESS DRIVE WEST<br>SUITE 800<br>ENGLEWOOD, CO 80112 | EMPLOYMENT AGREEMENT |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY<br>1295 STATE STREET<br>MASSMUTUAL RETIREMENT SERVICES<br>COMPLIANCE DEPARTMENT<br>SPRINGFIELD, MA 01111-0001 | ADOPTION AGREEMENT FOR FLEXINVEST NON-STANDARDIZED 401(K) PROFIT SHARING PLAN |

In re   Local Insight Media Holdings, Inc.                ,        Case No.   10-13677 (KG)
                     Debtor                                                              (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| MCCARTHY BURGESS & WOLFF<br>26000 CANNON ROAD<br>CLEVELAND, OH 44146 | AGREEMENT FOR PROCUREMENT OF SERVICES |
| MCCR, INC.<br>1720 REGAL ROW, STE 117<br>DALLAS, TX 75235 | 2010 SOFTWARE MAINTENANCE AGREEMENT (SCOR) |
| MCCR, INC.<br>1720 REGAL ROW, STE 117<br>DALLAS, TX 75235 | 2009 SOFTWARE MAINTENANCE AGREEMENT (SCOR) |
| MEDIA MARGIN MAKERS CORP<br>ATTN: JANET BRO<br>2501 DELANEY TERRACE<br>FLOWER MOUND, TX 75028 | CONSULTING AGREEMENT |
| MEDIA VENTURES INC<br>200 CONNECTICUT AVE<br>STE 2-D<br>NORWALK, CT 06854 | MUTUAL NONDISCLOSURE AGREEMENT |
| MEDIATRAKS GLOBAL, LLC<br>2977 MCFARLANE ROAD<br>SUITE 304<br>MIAMI, FL 33133 | MASTER SERVICES AGREEMENT |
| MERCER (US) INC., MERCER INVESTMENT CONSULTING, MERCER HEALTH & BENEFITS LLC<br>166 AVENUE OF THE AMERICAS<br>ATTN:  ANITA LOHRS<br>NEW YORK, NY 10036 | ENGAGEMENT LETTER |

In re   Local Insight Media Holdings, Inc.                              ,          Case No.   10-13677 (KG)
                          Debtor                                                                    (if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| MERCER HEALTH & BENEFITS LLC<br>166 AVENUE OF THE AMERICAS<br>ATTN:  ANITA LOHRS<br>NEW YORK, NY 10036 | BUSINESS ASSOCIATE AGREEMENT HIPAA |
| MERRILL COMMUNICATIONS LLC<br>CM 9638<br>ST PAUL, MN 55170-9638 | STATEMENT OF WORK |
| MODERN LAW LLC<br>7820 INVERNESS BLVD #411<br>ENGLEWOOD, CO 80112 | LEGAL SERVICES |
| MODIS, INC.<br>NICK DELAP, RECRUITING DIRECTOR<br>8400 EAST PRENTICE AVENUE, SUITE 535<br>GREENWOOD VILLAGE, CO 80111 | CONSULTING SERVICES AGREEMENT |
| MONSTER WORLDWIDE, INC.<br>622 THIRD AVE.<br>39TH FLOOR<br>NEW YORK, NY 10017 | MASTER SERVICES AGREEMENT |
| MURRAY, DEVINE & CO., INC.<br>DENNIS J. MURRAY, PRESIDENT<br>MURRAY DEVINE VALUATION ADVISORS<br>1650 ARCH STREET, SUITE 2700<br>PHILADELPHIA, PA 19103 | ENGAGEMENT LETTER |
| NEAL, MARILYN B.<br>188 INVERNESS DRIVE WEST<br>SUITE 800<br>ENGLEWOOD, CO 80112 | EMPLOYMENT AGREEMENT |

In re   Local Insight Media Holdings, Inc.                              ,            Case No.   10-13677 (KG)
                                    Debtor                                                                      (if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| NEVIS GROUP (THE)<br>ATTN: PAUL MERRICK<br>1309 W.SCHUBERT AVE.<br>CHICAGO, IL 60614 | AGREEMENT FOR PROCUREMENT OF SERVICES |
| NEW VECTOR PARTNERS LLC<br>ATTN: CHUCK JOSENHAUS<br>2000 SOUTH COLORADO BLVD<br>SUITE 2-620<br>DENVER, CO 80222 | CONSULTING AGREEMENT |
| NYK LOGISTICS (AMERICAS) INC<br>ATTN: LEGAL DEPT.<br>8295 TOURNAMENT DRIVE<br>SUITE 150<br>MEMPHIS, TN 38125 | AGREEMENT FOR PROCUREMENT OF SERVICES |
| ORANGESODA, INC.<br>ATTN: GARY S. WINTERTON, PRESIDENT<br>503 EAST TECHNOLOGY AVENUE<br>OREM, UT 84097 | ADVERTISING SALES AND SERVICES AGREEMENT |
| OUTPLACEMENT TRAINING RESOURCES, INC.<br>DBA PRO-TECH SERVICES<br>77 WEST ELMWOOD DR<br>SUITE 100<br>CENTERVILLE, OH 45459 | CONSULTING AGREEMENT |
| PACHULSKI STANG ZIEHL & JONES LLP<br>919 NORTH MARKET STREET, 17TH FLOOR<br>WILMINGTON, DE 19801 | LAW FIRM ENGAGEMENT |
| PAYTECH INC. ATTN: VP OF OPERATIONS<br>8400 EAST PRENTICE AVE<br>SUITE 1400<br>GREENWOOD VILLAGE, CO 80111 | AGREEMENT |

In re   Local Insight Media Holdings, Inc.            ,          Case No.   10-13677 (KG)
                         Debtor                                         (if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| PINNACLE PERFORMANCE<br>ATTN: DONNA HOBERECHT<br>658 FAIRCHILD DRIVE<br>SUITE 110<br>HIGHLANDS RANCH, CO 80126 | CONSULTING AGREEMENT |
| POMEROY, SCOTT A.<br>188 INVERNESS DRIVE WEST<br>SUITE 800<br>ENGLEWOOD, CO 80112 | EMPLOYMENT AGREEMENT |
| PSI GROUP TECHNOLOGY INC<br>9200 MONTGOMERY RD.<br>CINCINNATI, OH 45242 | CONSULTING AGREEMENT |
| QUAD/GRAPHIC INC. FKA WORLD COLOR (USA) CORP.<br>291 STATE STREET<br>NORTH HAVEN, CT 06473 | MASTER AGREEMENT FOR PRINTING SERVICES |
| RANDSTAD NORTH AMERICA, LP<br>2015 SOUTH PARK PLACE<br>ATLANTA, GA 30339 | AGREEMENT FOR TEMPORARY LABOR SERVICES |
| RELIASTAR LIFE INSURANCE COMPANY<br>20 WASHINGTON AVENUE SOUTH<br>MINNEAPOLIS, MN 55401 | EXCESS RISK INSURANCE |
| ROPES & GRAY LLP<br>1211 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10036 | LAW FIRM ENGAGEMENT |

In re   Local Insight Media Holdings, Inc.                    ,          Case No.   10-13677 (KG)
                        **Debtor**                                                              (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| SALESFORCE.COM, INC.<br>THE LANDMARK AT ONE MARKET, SUITE 300<br>VP, WORLDWIDE SALES OPERATIONS<br>SAN FRANCISCO, CA 94105 | MASTER SUBSCRIPTION AGREEMENT |
| SAVVIS COMMUNICATIONS CORPORATION<br>AND ITS AFFILIATES<br>1 SAVVIS PARKWAY<br>ATTN:  GENERAL COUNSEL<br>TOWN & COUNTRY, MO 63017 | MASTER SERVICES AGREEMENT |
| SBC ADVERTISING, LTD<br>333 W. NATIONWIDE BLVD.<br>COLUMBUS, OH 43215 | AGENCY AGREEMENT |
| SCHACHTER AND ASSOCIATES, INC.<br>516 BRYAN STREET<br>ATTN:  DAVID SCHACHTER<br>ATLANTA, GA 30312-3307 | CONSULTING AGREEMENT |
| SHAUM, RICHARD<br>188 INVERNESS DRIVE WEST<br>SUITE 800<br>ENGLEWOOD, CO 80112 | EMPLOYMENT AGREEMENT |
| SKILLSOFT<br>ATTN: CFO<br>107 NORTHEASTERN BLVD.<br>NASHUA, NH 03062 | MASTER LICENSE AGREEMENT |
| SOFTCHOICE CORPORATION<br>314 WEST SUPERIOR STREET<br>SUITE 301<br>CHICAGO, IL 60654 | MASTER SERVICES AGREEMENT |

In re  Local Insight Media Holdings, Inc.                    ,          Case No.   10-13677 (KG)
　　　　　　　　　Debtor                                                              (if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| SOFTWARE CONTRACT SOLUTIONS, INC.<br>ATTN: JOEL DUPZYK<br>4731 HILLCREST AVENUE<br>FAIR OAKS, CA 95628 | CONSULTING AGREEMENT |
| STERNFIELD LAW LLC<br>1700 BASSETT STREET #805<br>DENVER, CO 80202 | LAW FIRM ENGAGEMENT |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY<br>8801 INDIAN HILLS DRIVE<br>OMAHA, NE 68114-4066 | BASIC LIFE AND AD&D INSURANCE |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY<br>8801 INDIAN HILLS DRIVE<br>OMAHA, NE 68114-4066 | GROUP LONG-TERM DISABILITY INSURANCE POLICY |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY<br>8801 INDIAN HILLS DRIVE<br>OMAHA, NE 68114-4066 | WEEKLY DISABILITY INCOME INSURANCE (SHORT-TERM DISABILITY) |
| THE RELIZON COMPANY (A WORKFLOWONE COMPANY)<br>220 EAST MONUMENT AVENUE<br>ATTN:  CONTRACT ADMINISTRATION<br>DAYTON, OH 45402 | AGREEMENT FOR PROCUREMENT OF SERVICES |
| TK STRATEGICS LLC<br>4626 WOODWARD AVE.<br>ATTN:  TODD KUCIUNAS<br>DOWNERS GROVE, IL 60515 | CONSULTING AGREEMENT |

In re   Local Insight Media Holdings, Inc.                    ,          Case No.   10-13677 (KG)
_____                              _____
             Debtor                                                              (if known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| TURNHERE, INC.<br>1480 64TH ST., SUITE 100<br>ATTN:  JARED SIMON<br>EMERYVILLE, CA 94608 | VIDEO PRODUCTION AGREEMENT |
| UNITED HEALTHCARE INSURANCE COMPANY<br>450 COLUMBUS BOULEVARD<br>HARTFORD, CT 06115-0450 | ADMINISTRATIVE SERVICES AGREEMENT |
| UNUM LIFE INSURANCE<br>PO BOX 409548<br>ATLANTA, GA 30384-9548 | EXECUTIVE LONG-TERM DISABILITY |
| VIDEOBLOOM, INC.<br>7350 E. PROGRESS PLACE, SUITE 212<br>GREENWOOD VILLAGE, CO 80111 | CONFIDENTIAL ONLINE VIDEO DISTRIBUTION, SEO AND STREAMING SERVICES AGREEMENT |
| VISION SERVICE PLAN INSURANCE COMPANY<br>3333 QUALITY DRIVE<br>RANCHO CORDOVA, CA 95670 | GROUP VISION CARE PLAN |
| WEB.COM GROUP, INC.<br>LEGAL DEPARTMENT<br>12808 GRAN BAY PARKWAY WEST<br>JACKSONVILLE, FL 32258 | MASTER SERVICES AGREEMENT |
| WEB.COM GROUP, INC.<br>LEGAL DEPARTMENT<br>12808 GRAN BAY PARKWAY WEST<br>JACKSONVILLE, FL 32258 | SERVICES AGREEMENT |

In re  Local Insight Media Holdings, Inc._____,          Case No.  10-13677 (KG)
               Debtor                                                                    (if known)

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
(Continuation Sheet)

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| YODLE, INC.<br>50 WEST 23RD STREET, 4TH FLOOR<br>ATTN:  JULIE SHERMAK<br>NEW YORK, NY 10010 | MASTER SERVICES AGREEMENT |
| ZIPPER SOLUTIONS LLC<br>9912 STRATFORD LANE<br>ATTN:  JOHN SAKYS<br>HIGHLANDS RANCH, CO 80126 | CONSULTING AGREEMENT |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

In re __Local Insight Media Holdings, Inc._____ ,          Case No.__10-13677 (KG)_____
          **Debtor**                                                                    **(if known)**

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See 11 U.S.C. § 112; Fed. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| SEE ATTACHED SCHEDULE H RIDER | |

**SCHEDULE H - CO-DEBTOR RIDER**

| NAME AND ADDRESS OF CO-DEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |
| LOCAL INSIGHT MEDIA LP<br>188 INVERNESS DR WEST<br>STE 800<br>ENGLEWOOD, CO 80112 | CORPOREX INVERNESS, LLC<br>ATTN: PROPERTY MANAGER<br>1125 17TH STREET, SUITE 2300<br>DENVER, CO 80202 |
| THE BERRY COMPANY LLC<br>3170 KETTERING BLVD<br>DAYTON, OH 45439 | UNITED HEALTHCARE INSURANCE COMPANY<br>450 COLUMBUS BOULEVARD<br>HARTFORD, CT 06115-0450 |

In re : Local Insight Media Holdings, Inc.                    Case No. 10-13677 (KG)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____          Signature: _____
                                                              Debtor

Date _____          Signature: _____
                                                         (Joint Debtor, if any)

[If joint case, both spouses must sign.]

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____          _____
Printed or Typed Name and Title, if any.          Social Security No.
of Bankruptcy Petition Preparer                   (Required by 11 U.S.C. § 110.)

If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.

Address

X _____          _____
Signature of Bankruptcy Petition Preparer          Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Interim CFO [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership] of the Corporation [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___ sheets (Total shown on summary page plus 1), and that they are true and correct to the best of my knowledge, information, and belief.

Date___12/23/2010_____          Signature : _____

                                       Richard C. Jenkins - Interim CFO
                                       [Print or type name of individual signing on behalf of debtor.]

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

---

Penalty for making a false statement or concealing property:  Fine of up to $500,000 or imprisonment for up to 5 years or both  18 U.S.C. §§ 152 and 3571.