## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

------------------------------------------------------------x
In re:                                  : Chapter 11
                                        :
                                        : 10-13677 (KG)
LOCAL INSIGHT MEDIA HOLDINGS,           :
INC., et al.,[1]                        : Jointly Administered
                                        :
                                        :
                        Debtors.        : Objection Deadline: January 18, 2011 at 4:00 (ET)
------------------------------------------------------------x Hearing Date: January 25, 2011 at 1:30 p.m. (ET)

### MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LOCAL INSIGHT MEDIA HOLDINGS, INC., ET AL., FOR ORDER, PURSUANT TO 11 U.S.C. §§ 105(a), 107(b), 1102(b)(3)(A), AND 1103(c), AND FED. R. BANKR. P. 9018, CLARIFYING REQUIREMENT TO PROVIDE ACCESS TO INFORMATION TO CREDITORS

The Official Committee of Unsecured Creditors (the "Committee") of Local Insight Media Holdings, Inc. and certain of its subsidiaries as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") hereby submits this motion (the "Motion") for entry of an order, pursuant to sections 105(a), 107(b), 1102(b)(3)(A), and 1103(c) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and rule 9018 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), substantially in the form attached hereto as Exhibit A, among other things, clarifying the Committee's requirement to provide access to information for the Debtors'

---

[1] The Debtors, together with the last four digits of each of the Debtors' federal tax identification number (if applicable), are: Local Insight Media Holdings, Inc. (2696); Local Insight Media Holdings II, Inc. (8133); Local Insight Media Holdings III, Inc. (8134); LIM Finance Holdings, Inc. (8135); LIM Finance, Inc. (8136); LIM Finance II, Inc. (5380); Local Insight Regatta Holdings, Inc. (6735); The Berry Company LLC (7899); Local Insight Listing Management, Inc. (7524); Regatta Investor Holdings, Inc. (8137); Regatta Investor Holdings II, Inc. (8138); Regatta Investor LLC; Regatta Split-off I LLC; Regatta Split-off II LLC; Regatta Split-off III LLC; Regatta Holding I, L.P.; Regatta Holding II, L.P.; and Regatta Holding III, L.P. For the purpose of these chapter 11 cases, the service address for all Debtors is: 188 Inverness Drive West, Suite 800, Englewood, CO 80112.

unsecured creditors under sections 1102(b)(3)(A) and 1103(c) of the Bankruptcy Code, and in support thereof, the Committee respectfully represents as follows:

## Background

1. On November 17, 2010 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code. On November 19, 2010, the Court entered an order consolidating the Debtors' chapter 11 cases for procedural purposes.

2. The Debtors continue to manage and operate their businesses and properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the chapter 11 cases.

3. On December 1, 2010, the United States Trustee appointed the Committee consisting of: (i) U.S. Bank National Association; (ii) Bain & Company, Inc.; (iii) Quad/Graphics, Inc.; (iv) Directory Distributing Associates, Inc.; and (v) Marchex Sales, Inc.

## Jurisdiction

4. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105(a), 107(b), 1102(b)(3)(A) and 1103(c) of the Bankruptcy Code and Bankruptcy Rule 9018.

## Relief Requested

5. Pursuant to section 1103(c) of the Bankruptcy Code, the Committee is authorized to, among other things, consult with the Debtors, investigate the Debtors, participate

2

in the formulation of a plan of reorganization, and perform such other services as are in the interests of those represented. In addition, as part of the Committee's duties, pursuant to section 1102(b)(3) of the Bankruptcy Code, the Committee is required to provide access to information for the creditors represented by the Committee and solicit and receive comments from such creditors.

6. By this Motion, the Committee seeks entry of an order (the "Order"), effective as of the Petition Date, (i) clarifying that section 1102(b)(3)(A) of the Bankruptcy Code does not require the Committee to disseminate confidential, privileged, proprietary, or non-public information, or any other information if the effect of such disclosure would constitute a waiver of any privilege of, or confidentiality agreement between, the Committee and the Debtors, (ii) deeming the Committee, its individual members, and their respective representatives, financial or other advisors, and counsel (collectively, the "Committee Parties") to be in compliance with section 1102(b)(3) of the Bankruptcy Code as a result of the implementation of the below-described procedures (the "Procedures") concerning the disclosure of certain information in respect of these chapter 11 cases, (iii) authorizing, but not requiring, the Committee to share "Confidential Information"[2] with any unsecured creditor upon order of the

---

[2] For the purposes of this Motion, the term "Confidential Information" shall mean any non-public information of the Debtors, including, without limitation, information concerning the Debtors' assets, liabilities, business operations, projections, analyses, compilations, studies, and other documents prepared by the Debtors or their advisors or other agents, which is furnished, disclosed, or made known to the Committee or member of the Committee, whether intentionally or unintentionally and in any manner, including written form, orally, or through any electronic, facsimile, or computer-related communication. Confidential Information shall include (a) any notes, summaries, compilations, memoranda, or similar written materials disclosing or discussing Confidential Information; (b) any written Confidential Information that is discussed or presented orally; and (c) any other Confidential Information conveyed to the Committee orally that the Debtors or their advisors or other agents advise the Committee should be treated as confidential. Notwithstanding the foregoing, Confidential Information shall not include any information or portions of information that: (i) is or becomes generally available to the public or is or becomes available to the Committee on a non-confidential basis, in each case to the extent that such information became so available other than by a violation of a contractual, legal, or fiduciary obligation to

Court or upon the Debtors' prior written consent, provided that such creditor executes a confidentiality agreement that is acceptable in form and substance to the Debtors and the Committee, and (iv) authorizing, but not requiring, the Committee to share with creditors "Privileged Information"[3] so long as (a) such Privileged Information is not Confidential Information, and (b) the relevant privilege is held and controlled solely by the Committee or another entity that is not claiming a privilege through or previously held by the Debtors.

7.  The foregoing relief will help ensure that confidential, privileged, proprietary, and/or material non-public information will not be disseminated to the detriment of the Debtors' estates or their unsecured creditors and will aid the Committee in performing its statutory functions and duties, including promoting and protecting the interests of the unsecured creditor body.

## Procedures for Implementation of 11 U.S.C. § 1102(b)

8.  The Committee and its counsel are familiar with several cases before this Court in which creditors' committees have instructed their counsel to establish a website to make certain non-Confidential Information available to general unsecured creditors. As part of the Procedures, the Committee seeks to establish such a website (the "Website") as well as an email address (the "Email Address") for creditor communications and disclosures.

9.  Among the information available or to become available on the Website are (i) the Petition Date, (ii) the case number, (iii) the contact information for the Debtors (and any information hotlines that they establish), the Debtors' counsel, and the Committee's counsel,

---

[3] the Debtors, or (ii) was in the possession of the Committee prior to its disclosure by the Debtors and is not subject to any other duty or obligation to maintain confidentiality.

For the purposes of this Motion, the term "Privileged Information" shall mean any information subject to the attorney-client or other state, federal, or other jurisdictional law privilege (including attorney work product), whether such privilege is solely controlled by the Committee or is a joint privilege with the Debtors or some other party.

(iv) the voting deadline with respect to any chapter 11 plan filed in this case, (v) access to the claims docket as and when established by the Debtors or any claims and noticing agent retained in these cases, (vi) a general overview of the chapter 11 process, (vii) press releases (if any) issued by the Committee or by the Debtors, (viii) access to important filings in the chapter 11 cases, (ix) links to other relevant websites (e.g., the Debtors' corporate website, the Bankruptcy Court website and the website of the Office of the United States Trustee), and (x) any other information that the Committee or its counsel, in their sole discretion, deems appropriate, subject to the restrictions and limitations imposed by the Court.

10. In addition to establishing the Website, the Committee expects to establish the Email Address to allow unsecured creditors to send questions and comments in connection with these chapter 11 cases. The Email Address will be published on the Website.

## Basis for Relief Requested

11. Section 1102(a) of the Bankruptcy Code governs the appointment of statutory creditors' committees. See 11 U.S.C. § 1102(a). According to section 1102(b)(3)(A) of the Bankruptcy Code, creditors' committees shall "provide access to information for creditors who—(i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." Id. at 1102(b)(3)(A). Although this section creates a disclosure obligation, section 1102(b)(3) neither indicates how a creditors' committee should provide access to information to the creditors it represents nor specifies the nature, scope or extent of such information. The lack of clarity in section 1102(b)(3)(A) raises significant issues for creditors' committees and debtors in terms of sharing information that may be privileged or confidential.

12. Indeed, in order to assist a statutory committee with faithfully performing its function—which includes evaluating a debtor's business plan and reorganization strategy—

debtors will provide committees with confidential, material, non-public information, including in draft form. See 7 COLLIER ON BANKRUPTCY ¶ 1103.05[2][a] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). In that regard, debtors often condition the dissemination of such information on each committee member (and, in certain instances, committee professionals) agreeing to maintain such information in confidence.[4] Section 1102(b)(3)(A) of the Bankruptcy Code, however, provides no guidance on the extent to which a committee is obligated to provide confidential, proprietary or material non-public information to its constituency.

13. When a statute is clear and unambiguous, "the sole function of the courts is to enforce it according to its terms." U.S. v. Ron Pair Enters., Inc., 489 U.S. 235, 241 (1989) (quoting Caminetti v. United States, 242 U.S. 470, 485 (1917)). However, in "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters . . . the intention of the drafters, rather than the strict language, controls." Id. at 242–43 (citing Griffin v. Oceanic Contractors, Inc., 458 U.S. 564 (1982) (internal quotations omitted)).

14. The Committee respectfully submits that section 1102(b)(3)(A) of the Bankruptcy Code is unclear and ambiguous. The statute simply requires a committee "to provide access to information," yet sets forth no guidelines as to the type, kind, and extent of the information to be provided. In its extreme, section 1102(b)(3)(A) could be read as requiring the Committee to provide access to all information provided to it by the Debtors, or developed through exercise of its investigative function, regardless of whether such information constitutes Confidential Information or Privileged Information.

---

[4] Typically, as here, statutory committees have bylaws governing the conduct of its members, including the non-disclosure of confidential information concerning the Debtors.

15. The legislative history of section 1102(b)(3) of the Bankruptcy Code does not provide any further guidance on this point and merely reiterates the language of this section. See H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 87 (2005) ("Section 405(b) [of the Bankruptcy Abuse Prevention And Consumer Protection Act of 2005, Pub. L. 109-31, amending 11 U.S.C. § 1102,] requires the committee to give creditors having claims of the kind represented by the committee access to information. In addition, the committee must solicit and receive comments for these creditors and, pursuant to court order, make additional reports and disclosures available to them.").

16. Absent clarification of the requirements of section 1102(b)(3) of the Bankruptcy Code, a statutory committee's efforts may be frustrated because debtors would be reluctant to share confidential, sensitive financial and strategic information with a committee—the exact information a committee needs and typically receives to assist it in the discharge of its fiduciary obligations. Further, debtors would undoubtedly be concerned that information shared with the statutory fiduciary may be shared with the public, including competitors and interested acquirers. Similarly, committees would be concerned that the fruits of their own investigation may be disseminated to inappropriate parties. In turn, these concerns would impede a statutory committee's own efforts to obtain information, which would undermine the committee's ability to maximize creditor recoveries. Certainly, the drafters could not have intended section 1102(b)(3) of the Bankruptcy Code to hinder the Committee's authority under section 1103(c) of the Bankruptcy Code. These statutes should be harmonized consistently with the overall purposes of chapter 11.

17. The Court is empowered, under sections 107(b)(1) and 105 of the Bankruptcy Code, to address these concerns and clarify the Committee's disclosure obligations.

Under section 107(b)(1) of the Bankruptcy Code, "[o]n request of a party in interest, the bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). The application of this section is mandatory for the specified types of information. See Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 27 (2d Cir. 1994) ("if the information fits any of the specified categories, the court is *required* to protect a requesting interested party and has no discretion to deny the application").[5] As a result, under section 107(b) and Bankruptcy Rule 9018, the Court is empowered to protect parties by restricting the dissemination of Confidential Information or Privileged Information.

18. Further, under section 105(a) of the Bankruptcy Code, the Court may "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Committee believes the relief requested herein is necessary for the Committee to fulfill its statutory function as contemplated by section 1103(c) of the Bankruptcy Code.

19. The Committee submits that the relief requested herein is appropriate and well within the authority of this Court. Indeed, sharing information that constitutes Confidential Information or Privileged Information without limitation and in the absence of this Court's entry of the Order may be detrimental to the Debtors' businesses and their ability to maximize value. Providing unfettered access to such information undoubtedly would allow competitors of the Debtors to use such information, including any business plan of the Debtors, trade secrets, or other proprietary information, to that competitor's advantage and, more importantly, to the

---

[5] Section 107(b)(1) is further supported by Bankruptcy Rule 9018, which states, in relevant part, that "on motion or on its own initiative, with or without notice, the court may make any order which justice requires to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . ." FED. R. BANKR. P. 9018.

disadvantage of the Debtors and, thus, their unsecured creditors.

20. As section 1102(b)(3)(A) of the Bankruptcy Code might otherwise have a substantial "chilling effect" on information the Debtors may be willing to share with the Committee, or on the Committee's development of independent analyses, it cannot be seriously questioned that the relief requested herein is "necessary and appropriate to carry out the provisions of [the Bankruptcy Code]" pursuant to section 105(a) of the Bankruptcy Code.

21. In fact, the relief requested herein is similar to relief previously granted by this Court in other chapter 11 cases. See, e.g., In re Sea Launch Co., L.L.C., Case No. 09-12153, Docket No. 187 (Bankr. D. Del. Aug. 14, 2009) (BLS); In re VI Acquisition Corp., Case No. 08-10623, Docket No. 154 (Bankr. D. Del. 2008) (KG); In re Midway Games, Inc., Case No. 09-10465, Docket No. 260 (Bankr. D. Del. Apr. 16, 2009) (KG); In re Amp'd Mobile, Inc., Case No. 07-10739 (Bankr. D. Del. 2007) (BLS); In re Aegis Mortgage Corporation, Case No. 07-11119 (Bankr. D. Del. August 13, 2007) (BLS); In re Homebanc Mortgage Corp., Case No. 07-11079, Docket No. 401 (Bankr. D. Del. 2007) (KJC); and In re Global Home Products, LLC, Case No. 06-10340, Docket No. 201 (Bankr. D. Del. 2006) (KG). Accordingly, the Committee respectfully requests that the Court grant the relief requested herein to, among other things, clarify the Committee's requirement to provide access to Confidential Information and Privileged Information on the terms set forth in this Motion and the proposed Order and deem the Committee Parties in compliance with sections 1102(b)(3) and 1103(c) of the Bankruptcy Code by implementing the Procedures.

### Notice

22. No trustee or examiner has been sought or appointed in these cases. Notice of this Motion has been given to: (a) the U.S. Trustee; (b) counsel to the Debtors;

(c) counsel to the administrative agent for Local Insight Regatta Holdings, Inc.'s prepetition and postpetition senior credit facilities; (d) the indenture trustee for Local Insight Regatta Holdings, Inc.'s 11% Senior Subordinated Notes due 2017; (e) counsel to Welsh, Carson, Anderson & Stowe; (f) the Office of the Attorney General for the State of Delaware; (g) the Internal Revenue Service; (h) the Securities and Exchange Commission; and (i) those parties who have requested notice pursuant to Bankruptcy Rule 2002. In light of the relief requested, the Committee submits that no other or further notice need be provided.

## No Prior Request

23. No previous request for the relief sought herein has been made to this or any other court.

[Remainder of Page Intentionally Left Blank]

WHEREFORE, the Committee respectfully requests that the Court enter the Order, in the form attached hereto as Exhibit A, and grant the Committee such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
January 3, 2011

                    MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                    /s/ *signature*
                    Robert J. Dehney (No. 3578)
                    Gregory T. Donilon (No. 4244)
                    1201 North Market Street
                    18th Floor
                    P.O. Box 1347
                    Wilmington, DE 19899
                    Telephone: (302) 658-9200
                    Facsimile: (302) 658-3989

                    - and -

                    MILBANK, TWEED, HADLEY & McCLOY LLP
                    Mark Shinderman, Esq. (*pro hac vice*)
                    601 South Figueroa Street
                    30th Floor
                    Los Angeles, CA 90017
                    Telephone: (213) 892-4000
                    Facsimile: (213) 629-5063

                    - and -

                    Michael E. Comerford, Esq. (*pro hac vice*)
                    1 Chase Manhattan Plaza
                    New York, New York 10005
                    Telephone: (212) 530-5000
                    Facsimile: (212) 530-5219

                    Proposed Counsel to the Official Committee of Unsecured Creditors of Local Insight Media Holdings, Inc., et al.