IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| LOCAL INSIGHT MEDIA HOLDINGS, INC., et al.,[1] | ) | Case No. 10-13677 (KG) |
| Debtors. | ) | Jointly Administered<br>**Related to Docket Nos. 87 and 162** |

**SUPPLEMENTAL APPLICATION OF LOCAL INSIGHT MEDIA HOLDINGS, INC., ET AL. TO EXPAND THE SCOPE OF EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC TO DESIGNATE SCOTT BRUBAKER AS INTERIM CHIEF EXECUTIVE OFFICER**

Local Insight Media Holdings, Inc. and certain of its subsidiaries, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), file this supplemental application (the "Supplemental Application") for entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to expand the scope of retention set forth in the original application (the "Original Application") of Alvarez & Marsal North America, LLC and Alvarez & Marsal Private Equity Performance Improvement Group, LLC (collectively, "A&M"), approved by the Court on December 17, 2010 [Docket No. 162], to designate Scott Brubaker of A&M as the Debtors' Interim President and Chief Executive Officer (collectively, "Interim CEO") pursuant to that certain amended and restated engagement letter (the "Amended Engagement Letter"), dated January

1 The Debtors, together with the last four digits of each of the Debtors' federal tax identification number (if applicable), are: Local Insight Media Holdings, Inc. (2696); Local Insight Media Holdings II, Inc. (8133); Local Insight Media Holdings III, Inc. (8134); LIM Finance Holdings, Inc. (8135); LIM Finance, Inc. (8136); LIM Finance II, Inc. (5380); Local Insight Regatta Holdings, Inc. (6735); The Berry Company LLC (7899); Local Insight Listing Management, Inc. (7524); Regatta Investor Holdings, Inc. (8137); Regatta Investor Holdings II, Inc. (8138); Regatta Investor LLC; Regatta Split-off I LLC; Regatta Split-off II LLC; Regatta Split-off III LLC; Regatta Holding I, L.P.; Regatta Holding II, L.P.; and Regatta Holding III, L.P. For the purpose of these chapter 11 cases, the service address for all Debtors is: 188 Inverness Drive West, Suite 800, Englewood, CO 80112.

27, 2011, by and between Local Insight Media Holdings, Inc. and A&M, attached hereto as **Exhibit B**.[2] Mr. Brubaker is currently serving as the Debtors' Chief Restructuring Officer ("CRO"). Additionally, the Amended Engagement Letter also provides that Mr. Brubaker will serve as Interim CEO of the Debtors' non-Debtor affiliates and that Richard Jenkins of A&M, currently serving as Interim Chief Financial Officer of each of the Debtors, will similarly serve as Interim Chief Financial Officer of each of the Debtors' non-Debtor affiliates (the Debtors together with their non-Debtor affiliates, collectively, the "Company"). In support of this Supplemental Application, the Debtors respectfully state as follows:

## Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a) and 363(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code").

## Relief Requested

4. The Debtors seek entry of an order authorizing the Debtors to expand the scope of A&M's retention, pursuant to the Amended Engagement Letter, to permit Scott Brubaker to serve as Interim CEO for the Company. Additionally, the Debtors request authority to utilize, in their discretion, Additional Personnel as corporate officers, subject to the compensation and disclosure provisions set forth in the Original Application and the order approving the Original Application (the "Original Order").

---

2 Capitalized terms not defined herein shall have those meanings ascribed to them in the Original Application. A&M's original Engagement Letter was attached as an exhibit to the Original Application.

## Background

5. On November 17, 2010 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The chapter 11 cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). On December 1, 2010, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee").

6. On December 3, 2010, the Debtors filed their Original Application for entry of an order authorizing the retention of A&M to provide the Debtors (A) a CFO, a CRO, and certain Additional Personnel and (B) to designate Richard C. Jenkins as CFO, and Mr. Brubaker as CRO, for the Debtors *nunc pro tunc* to the Petition Date [Docket No. 87]. On December 17, 2010, this Court entered the Original Order [Docket No. 162].

7. On or about January 27, 2011, Scott A. Pomeroy, the President and Chief Executive Officer of each of the Debtors (and a director of certain of the Debtors), decided, with the respective boards of directors and managers of Debtor Local Insight Media Holdings, Inc. and each of its subsidiaries (collectively, the "Boards"), to resign all of his positions with the Company, effective immediately. In connection with that resignation, the Boards determined that Mr. Brubaker, currently serving as the Debtors' CRO, would be best suited to take on the responsibilities of Interim CEO. The Boards authorized retaining Mr. Brubaker on the terms of the Amended Engagement Letter, and Mr. Brubaker accepted

the invitation to serve as Interim CEO, subject to the Debtors obtaining an order of this Court approving this Supplemental Application.

**Scope of Additional Services**

8. As set forth above, the Debtors have requested that Mr. Brubaker, in addition to his current role as CRO, assume the role of Interim CEO of the Company. Further, the Debtors have requested that A&M provide such Additional Personnel as the parties may agree are necessary to support Mr. Brubaker in his new role. A&M has agreed to satisfy the Debtors' requests, subject to Court approval, in accordance with the terms of the Amended Engagement Letter.

9. As described in the Original Application, Mr. Brubaker is well-suited to act as the Debtors' Interim CEO. Mr. Brubaker has, over the past 17 years as a turnaround advisory expert, acted in a senior management capacity in numerous large and complex organizations including, most recently, as the Debtors' CRO. In addition to performing his duties as CRO, Brubaker will act as Interim CEO for the Company[3] and oversee its management and strategic direction. Specifically, Mr. Brubaker's duties as Interim CEO will be those duties that are customary for an individual working in the capacity of a Chief Executive Officer and will include the following:

a. assist in performing a financial review of the Company, including a review and assessment of financial information that has been, and that will be, provided by the Company to its creditors, including its short and long-term projected cash flows;

---

3 The summary of the Amended Engagement Letter contained in this Supplemental Application is provided for purposes of convenience only. In the event of any inconsistency between the summary contained herein and the terms and provisions of the Amended Engagement Letter, the terms of the Amended Engagement Letter shall control unless otherwise set forth herein. Capitalized terms used in the summary but not otherwise defined herein shall have the meanings set forth in the Amended Engagement Letter.

b. assist in the identification of cost reduction and operations improvement opportunities;

c. assist in developing for the Boards' review possible restructuring plans or strategic alternatives for maximizing the enterprise value of the Company's various business lines;

d. serve as the principal contact with the Company's creditors with respect to the Company's financial and operational matters;

e. assist in the claims management and reconciliation process;

f. assist in the preparation of monthly operating reports to the Office of the United States Trustee; and

g. perform such other services as are requested or directed by the Boards and agreed to by A&M.

10. The Debtors have determined that expanding the scope of the current terms of A&M's retention to include those services summarized above is in the best interests of the Debtors, their creditors, and their estates. Furthermore, in light of certain other employee departures, the Debtors request the authority to utilize, in their discretion, Additional Personnel, subject to approval of the independent Boards, in such capacities as the Debtors deem necessary and appropriate, including as officers of one or more of the Debtors. The identity and compensation of any such Additional Personnel would be disclosed in A&M's periodic staffing reports and would be subject to the terms and conditions of the Original Application and the Original Order.

## **Professional Compensation**

11. The terms of compensation under the Amended Engagement Letter are those terms contained in the Engagement Letter, previously approved by this Court, provided that A&M has agreed to cap Mr. Brubaker's monthly billings at a maximum of 200 hours per month regardless of the number of hours actually worked by Mr. Brubaker. Further, for the

avoidance of doubt, to the extent not inconsistent with the terms and conditions of the order approving the Supplemental Application, A&M will continue to be subject to the terms and conditions of the Original Order.

**A&M's Disinterestedness**

12. Although the expansion of the scope of A&M's retention is not governed by section 327 of the Bankruptcy Code, the Debtors submit that A&M continues to be a "disinterested person" as that term is defined by section 101(14) of the Bankruptcy Code. To the best of the Debtors' knowledge, information and belief, neither A&M nor any professional employee or independent contractor of A&M has any connection with or any interest adverse to the Debtors, their significant creditors, or any other significant party in interest known to A&M, or their respective attorneys and accountants, except as otherwise disclosed in the declaration annexed to the Original Application, A&M's first supplemental declaration filed on December 14, 2010 [Docket No. 132], or A&M's second supplemental declaration filed on January 31, 2011 [Docket No. 301].

13. In addition, A&M will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered or arise, A&M will provide the Court with a supplemental declaration. For the avoidance of doubt, in the event of a transaction between two Debtors or between a Debtor and a non-Debtor affiliate, Messrs. Brubaker and Jenkins will not participate in the deliberative or decision making process of both parties to such transaction.

**Basis for Relief**

14. Consistent with the Court approval obtained in connection with the Original Application, the Debtors seek approval of the expansion of A&M's scope of employment as

set forth in the Amended Engagement Letter pursuant to section 363 of the Bankruptcy Code. Section 363(b)(1) of the Bankruptcy Code provides in relevant part that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Further, pursuant to section 105(a) of the Bankruptcy Code, the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

15. Under applicable case law, in this and other circuits, if a debtor's proposed use of its assets pursuant to section 363(b) of the Bankruptcy Code represents a reasonable business judgment on the part of the debtor, such use should be approved. See, e.g., Myers v. Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996) (citing Fulton Slate Dankv. Schipper (In re Schipper), 933 F.2d 513,515 (7th Cir. 1991)); In re Delaware & Hudson R.R. Co., 124 B.R. 169, 176 (D. Del. 1991) (courts have applied the "sound business purpose" test to evaluate motions brought pursuant to section 363(b)); In re Exide Technologies, Inc., No. 02-11125 (KJC) (Bankr. D. Del. May 10, 2002); Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2d Cir. 1983) ("The rule we adopt requires that a judge determining a §363(b) application expressly find from the evidence presented before him at the hearing a good business reason to grant such an application."); Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.), 60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986) ("Where the debtor articulates a reasonable basis for its business decisions (as distinct from a decision made arbitrarily or capriciously), courts will generally not entertain objections to the debtor's conduct"); Stephens Indus., Inc. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986); In re Gulf States Steel, Inc., 285 B.R. 497, 514 (Bankr. N.D. Ala. 2002).

16. The expansion of A&M's scope of employment to designate Mr. Brubaker as Interim CEO for the Company is a sound exercise of the Debtors' business judgment in light of the recent departure of the Company's former Chief Executive Officer. It would be detrimental to the ongoing restructuring process and stability of the Company's operations if the Debtors lacked the guidance of a Chief Executive Officer for any material period of time. Further, as described in the Original Application, Mr. Brubaker has extensive experience as a senior officer, including chief executive officer, and as an advisor for many troubled companies. Moreover, in addition to familiarity of the Debtors' strategy and operations developed by A&M prior to the Petition Date through its long-standing working relationship with the Debtors, Mr. Brubaker has developed intimate knowledge of the Debtors and their operations and restructuring objectives in his role as CRO.

17. The Debtors believe that the A&M Professionals, including any Additional Personnel engaged by the Debtors to facilitate implementing the relief requested herein, will continue to provide services that benefit the Debtors' estates and creditors. The Debtors believe that expansion of A&M's scope of employment is appropriate under the circumstances, in the best interests of the Debtors, their estates and their creditors, and, thus, proper under section 363 of the Bankruptcy Code. Bankruptcy Courts have authorized retention of officers utilizing section 363 of the Bankruptcy Code on numerous occasions. See, e.g., In re: Universal Building Products, Inc., No. 10-12453 (MFW) (Bankr. D. Del. Aug. 4, 2010); In re Lyondell Chemical Company, No. 09-10023 (REG) (Bankr. S.D.N.Y. Jan. 6, 2009); In re LandAmerica Financial Group, Inc., No. 08-35994 (KRH) (Bankr. E.D. Va. Nov. 26, 2008); In re Sharper Image Corp., No. 08-10322 (KG) (Bankr. D. Del. Apr. 23, 2008); In re TOUSA, Inc., No. 08-10928 (JKO) (Bankr. S.D. Fla. Feb. 1,

2008); In re Friedman's Inc., No 08-10161 (CSS) (Bankr. D. Del. Jan. 28, 2008); In re Adva-Lite, Inc., No. 07-10264 (KJC) (Bankr. D. Del. Mar. 16, 2007); In re ACR Mgmt., LLC, No. 04-27848 (MBM) (Bankr. W.D. Pa. June 16, 2004); In re Mirant Corp., No. 03-46590 (DML) (Bankr. N.D. Tex. Sept. 29, 2003); In re Fleming Cos., Inc., No. 03-10945 (MFW) (Bankr. D. Del. June 25, 2003); In re Exide Techs., Inc., No. 02-11125 (KJC) (Bankr. D. Del. May 10, 2002). Accordingly, the relief requested in the Supplemental Application is warranted here.

**Notice**

18. The Debtors have provided notice of this Supplemental Application to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the administrative agent for Local Insight Regatta Holdings, Inc.'s prepetition and postpetition senior credit facilities; (d) the indenture trustee for Local Insight Regatta Holdings, Inc.'s 11% Senior Subordinated Notes due 2017; (e) counsel to Welsh, Carson, Anderson & Stowe; (f) the Office of the Attorney General for the State of Delaware; (g) the Internal Revenue Service; (h) the Securities and Exchange Commission; and (i) those parties who have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

**No Prior Request**

19. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems appropriate.

Dated: January 31, 2011
Wilmington, Delaware

Laura Davis Jones (Bar No. 2436)
Michael R. Seidl (Bar No. 3889)
Curtis A. Hehn (Bar No. 4264)
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
Wilmington, Delaware 19899-8705 (courier 19801)
Telephone: (302) 652-4100
Facsimile: (302) 652-4400

- and -

Richard M. Cieri (admitted *pro hac vice*)
Christopher J. Marcus (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

- and -

Ross M. Kwasteniet (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654-3406
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Attorneys for the Debtors and Debtors in Possession