IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LOCAL INSIGHT MEDIA HOLDINGS, | ) | Case No. 10-13677 (KG) |
| INC., *et al.*,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | Hearing Date: April 27, 2011 at 2:00 p.m. (ET) |
| | | Objection Deadline: April 20, 2011 at 4:00 p.m. (ET) |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR AN ORDER PURSUANT TO 11 U.S.C. § 105(a), FED.
R. BANKR. P. 9006(b), DEL. BANKR. L.R. 9006-2, AND FINAL DIP
ORDER ENLARGING THE PERIOD IN WHICH TO INVESTIGATE
AND COMMENCE CERTAIN POTENTIAL CAUSES OF ACTION**

The Official Committee of Unsecured Creditors (the "Committee") of Local Insight Media Holdings, Inc., and certain of its subsidiaries as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby moves (the "Motion") pursuant to section 105(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and Paragraph 17 of the *Final Order Pursuant to Sections 105, 361, 362, 363 and 364 of the Bankruptcy Code and Rules 2002, 2004 and 9014 of the Federal Rules of Bankruptcy Procedure*

---

[1] The Debtors are the following entities (followed by the last four digits of their tax identification numbers where applicable): Local Insight Media Holdings, Inc. (2696); Local Insight Media Holdings II, Inc. (8133); Local Insight Media Holdings III, Inc. (8134); LIM Finance Holdings, Inc. (8135); LIM Finance, Inc. (8136); LIM Finance II, Inc. (5380); Local Insight Regatta Holdings, Inc. (6735); The Berry Company LLC (7899); Local Insight Listing Management, Inc. (7524); Regatta Investor Holdings, Inc. (8137); Regatta Investor Holdings II, Inc. (8138); Regatta Investor LLC; Regatta Split-off I LLC; Regatta Split-off II LLC; Regatta Split-off III LLC; Regatta Holding I, L.P.; Regatta Holding II, L.P.; and Regatta Holding III, L.P. For the purpose of these chapter 11 cases, the service address for all Debtors is: 188 Inverness Drive West, Suite 800, Englewood, CO 80112.

*(A) Authorizing Certain of the Debtors to Obtain Secured Postpetition Financing on Super-priority Priming Lien Basis, Granting Adequate Protection for Priming and Modifying the Automatic Stay, and (B) Authorizing Certain of the Debtors to Use Cash Collateral of Prepetition Secured Lenders and Granting Adequate Protection for the Use Thereof* (the "<u>Final DIP Order</u>") [D.I. 228][2] for an order enlarging the period during which the Committee may investigate and commence certain potential causes of action by sixty (60) days through and including May 30, 2011.[3] In support of the Motion, the Committee respectfully states as follows:

## BASIS FOR RELIEF REQUESTED

1. Paragraph 17 of the Final DIP Order expressly provides that the Committee may commence an adversary proceeding to challenge the stipulations in the Final DIP Order and/or raise any Claims or Defenses at "any such later date ordered by the Court for good cause shown after notice and an opportunity to be heard provided that such notice of such hearing is filed and served before the termination of [the initial 120-day investigation period]."

2. The Committee files this Motion out of an abundance of caution because the initial 120-day period in which the Committee must commence any adversary proceeding to challenge the stipulations in the Final DIP Order and/or assert any Claims and Defenses (the "<u>Investigation Period</u>") ends on March 31, 2011. J.P. Morgan Chase Bank, N.A. ("<u>JPMorgan</u>"),

---

[2] Capitalized but undefined terms shall have the meaning ascribed to them in the Final DIP Order.

[3] The Committee does not believe that investigating, seeking standing and/or prosecuting Avoidance Actions against the Prepetition Secured Lenders regarding the Prepetition Obligations are governed by the time restrictions with respect to the Investigation Period set forth in Paragraph 17 of the Final DIP Order and described herein, but, rather, are governed only by the time bar set forth in section 546(a) of the Bankruptcy Code as stated in Paragraph 14(b) of the Final DIP Order. Out of an abundance of caution, and to the extent that the time for the Committee to investigate, seek standing and/or prosecute Avoidance Actions against the Prepetition Secured Lenders regarding the Prepetition Obligations is governed by the time restrictions with respect to the Investigation Period set forth in Paragraph 17 of the Final DIP Order, the Committee respectfully requests that the period to do so also be extended as requested by this Motion.

in its capacity as agent for the Debtors' prepetition credit facility, has agreed to extend the Committee's Investigation Period by 45 days. The Committee and JPMorgan will submit a stipulation and order to memorialize this agreement.

3. The Committee reserves all rights to supplement this Motion. The Committee also reserves all rights to seek further or additional extensions of the time in which the Committee must commence any adversary proceeding to challenge the validity of the stipulations contained in the Final DIP Order and/or assert any other Claims and Defenses.

## NOTICE

4. Notice of this Motion has been given to: (a) the U.S. Trustee; (b) counsel to the Debtors; (c) counsel to the administrative agent for Local Insight Regatta Holdings, Inc.'s prepetition and postpetition senior credit facilities; (d) counsel to the indenture trustee for Local Insight Regatta Holdings, Inc.'s 11% Senior Subordinated Notes due 2017; (e) counsel to Welsh, Carson, Anderson & Stowe; and (f) those parties who have requested notice pursuant to Bankruptcy Rule 2002. In light of the relief requested, the Committee submits that no other or further notice need be provided.

[*Remainder of Page Intentionally Blank*]

WHEREFORE, the Committee respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (a) extending the time in which the Committee may investigate and, if necessary, commence an adversary proceeding to challenge the validity of the stipulations contained in the Final DIP Order and/or assert any other Claims and Defenses by sixty (60) days through and including May 30, 2011; and (b) granting such other relief as is just and proper.

Dated: March 29, 2011
Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ William M. Alleman, Jr.*
Robert J. Dehney (No. 3578)
Eric D. Schwartz (No. 3134)
Gregory T. Donilon (No. 4244)
William M. Alleman, Jr. (No. 5449)
1201 North Market Street
P. O. Box 1347
Wilmington, DE 19899-1347
Phone: (302) 658-9200
Facsimile: (302) 658-3989

*Co-Counsel to the Official Committee of Unsecured Creditors of Local Insight Media Holdings, Inc., et al.*